UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMED M. ELGALAD,

                            Plaintiff,                    AMENDED
    -against-                                         COMPLAINT

NEW YORK CITY DEPARTMENT OF          17 CV 4849 (VSB)
EDUCATION; MICHELLE ROCHON,
PRINCIPAL; KABEYA MBUYI, ASSISTANT    JURY TRIAL DEMANDED
PRINCIPAL; HILAIRE LIVINGSTON,
ASSIGNED PRINCIPAL,

                            Defendants.

---

Plaintiff **AHMED M. ELGALAD**, as and for his Amended Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff tenured physical education teacher Ahmed M. Elgalad brings this action pursuant to federal Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981 for discrimination and retaliation based on his race/color (Caucasian) and religion (Muslim), against his employer New York City Department of Education (NYCDOE), and his former administrators at the High School for Global Citizenship within the NYCDOE in Brooklyn, New York.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves claims for race/color and religious discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

4. Plaintiff Ahmed M. Elgalad is a resident of the State of New Jersey. He is of Caucasian race/color and of Muslim religion.

5. At all times relevant herein, Defendant New York City Department of Education is a school district within the State of New York.

6. At all times relevant herein, Defendant Michelle Rochon was the Principal of the High School for Global Citizenship in Brooklyn, a school within the New York City Department of Education.

7. At all times relevant herein, Defendant Kabeya Mbuyi was an Assistant Principal of the High School for Global Citizenship in Brooklyn. Mr. Mbuyi is of black race/color and not of the Muslim religion.

8. At all times relevant herein, Defendant Hilaire Livingston was the assigned principal at the High School for Global Citizenship in Brooklyn.

## FACTUAL ALLEGATIONS

9. Plaintiff has taught as a high school physical education teacher in the NYCDOE for 12 years, since September 2001. He had been excessed from his position for a brief period after he initially started in September 2001, but returned full time to the NYCDOE since September 2006.

10.     Plaintiff taught at the High School for Global Citizenship with the NYCDOE in Brooklyn, New York, from September 2010 until he was involuntarily reassigned from the school in September 2016, when he received Section 3020-a disciplinary charges.

11.     He has been assigned to the Absent Teacher Reserve (ATR) pool since a Section 3020-a decision was issued in his case in November 2016, which resulted in only a $1,000 fine.

12.     Plaintiff received Satisfactory or Effective end of year ratings every year until the 2014-15 school year, with highly effective ratings on several categories on individual observations.

**2013-14 School Year**

13.     On or about March 6, 2014, Plaintiff had a verbal disagreement with another teacher, Ms. Chance, who is black and non-Muslim, where Ms. Chance called Plaintiff a disgusting human being. Plaintiff was summoned to a disciplinary conference with Assistant Principal Mbuyi (also black and non-Muslim), which was conducted in the presence of his UFT representative Jeremy Bucaria. At the conference, AP Mbuyi brought up Plaintiff's religion and his color and stated that as a Muslim and white, Plaintiff feels like he is superior to him and Ms. Chance. Specifically, Mr. Mbuyi stated to Plaintiff that "your religion considers everyone unclean and you are the only one that is clean," and further stated "if it's not about religion, it will be black and white." Plaintiff did not receive a disciplinary letter after that conference.

14.     Principal Rochon rated the Plaintiff Highly Effective on the end of year MOTP evaluation.

**2014-15 School Year**

15.     AP Mbuyi started to conduct unfair observations of Plaintiff the following 2014-15 school year.

16. On October 1, 2014, AP Mbuyi conducted an observation and gave Plaintiff two ratings while not rating the other categories on his observation. AP Mbuyi also interrupted his gym classes several times and undermined Plaintiff's authority in front of his students in October 2014.

17. On October 17, 2014, AP Mbuyi summoned Plaintiff to another disciplinary conference for failing to provide a safe environment. Again, no disciplinary letter was written to Plaintiff and the charge was unfounded.

18. On October 27, 2014, Principal Rochon met with Plaintiff in her office. At the meeting, Plaintiff told her that AP Mbuyi had made inappropriate comments to him about his religion and color, and thereafter started to harass him with false disciplinary conferences. Principal Rochon told Plaintiff to report only to her and did not report Plaintiff's complaint to the DOE's Office of Equal Opportunity (OEO) office.

19. After Plaintiff's meeting with Principal Rochon, where he reported AP Mbuyi's discriminatory remarks to her, the administration started to retaliate against him.

20. On or about October 27, 2014, Principal Rochon stopped paying him for extra class coverages that she had previously paid him without any issue.

21. On or about November 21, 2014, Plaintiff was called to a 3rd disciplinary conference, which was also eventually unfounded.

22. On December 8, 2014, Plaintiff filed a discrimination complaint against AP Mbuyi with the DOE's OEO office based on religious and race discrimination. Plaintiff never received a decision on his OEO complaint. After 2 years, on December 28, 2016, Plaintiff was informed by the OEO that the case is closed since he filed a complaint with an external human rights agency citing the same issues in the OEO's investigation.

23. After Plaintiff filed that complaint with the DOE's OEO office, the school administration, including Mr. Mbuyi and the school principal Ms. Rochon and ATR Assigned Principal Hilaire Livingston, intensified their scrutiny of him.

24. Shortly after Plaintiff filed the OEO complaint, on December 18, 2014, AP Mbuyi called Plaintiff to another disciplinary conference, and on December 22, 2014, AP Mbuyi gave Plaintiff a letter informing him that the allegation of insubordination was dropped.

25. On February 4, 2015, Plaintiff was ordered to an involuntary medical fitness for duty examination referred by his school principal to DOE's Medical Bureau, trying to have Plaintiff declared unfit mentally and physically. The DOE medical doctor immediately cleared Plaintiff as mentally and physically fit.

26. In March and April 2015, and again in June 2015, Plaintiff wrote to his Superintendent Michael Prayor and DOE Chancellor Carmen Farina about the discriminatory and retaliatory mistreatment from administration at his school. He only received a response that his complaint was transferred to the DOE's Office of Special Investigation.

27. After 20 months from an incident that occurred October 18, 2013, AP Mbuyi gave Plaintiff his first disciplinary letter alleging verbal abuse based on that incident on June 1, 2015. Due process was not followed in accordance with Chancellor's Regulation A-421.

28. Plaintiff was rated Effective by the principal on the MOTP end of the year evaluation for the 2014-15 school year but received no highly effective ratings as he had received in prior years.

**2015-16 School Year**

29. Assigned Principal Hilaire Livingston was assigned to the school as an extra principal assigned for the 2015-16 school year and was instructed by Principal Rochon to start rating Plaintiff.

30. Plaintiff received an ineffective observation from Mr. Livingston on October 16, 2015.

31. On December 7, 2015, Principal Rochon observed Plaintiff and gave him ineffective and developing ratings.  She also summoned him to a disciplinary conference to discuss professionalism in the work place.

32. In January 2016, Plaintiff's schedule was illegally changed midyear, giving him only one physical education class, and then after he filed a grievance, giving him additional physical education classes in a different school in the same building,

33. On March 29, 2016, Plaintiff was summoned to six disciplinary conferences on the same day.  This resulted in four disciplinary letters to his filed dated April 5, 2016.

34. On April 6, 2016, Principal Rochon observed Plaintiff again and gave him more developing and ineffective ratings than the previous observation that year.

35. On April 13, 2016, Plaintiff was summoned to two more disciplinary conferences and given another letter to file for lateness.  Thus, for being late 2 days the entire year, Principal Rochon gave the Plaintiff 5 letters to his file and she did not apply the school policy about latenesses.

36. On May 10, 2016, Plaintiff sent a complaint to the Office of the Mayor about the retaliation he was subjected to by the administration at his school. The complaint was transferred to the Office of the Special Commissioner (SCI Case No: 2016-4032) which was transferred to the Office of the General Counsel (OGC).  Because Plaintiff's complaint was of retaliation based

upon a complaint that he previously filed with the OEO, the OGC forwarded the complaint to OEO to address.

37. On May 26, 2016, Plaintiff was given a disciplinary letter for allegedly interfering with an investigation by asking a student if she wrote any statement about him.

38. On or about June 22, 2016, Plaintiff was served with New York State Education Law Section 3020-a disciplinary charges seeking to terminate his employment based on the May 26, 2016 letter, and a couple of latenesses at the school.

**2016-17 School Year**

39. Plaintiff was reassigned from the school in September 2016 upon returning after the summer break.

40. On October 17, 2016, Plaintiff was interviewed at the OEO (Case. # C-0786/16)

41. On December 28, 2016, the OEO informed the Plaintiff that case (Case. # C-0786/16) is closed since he filed a complaint with an external human right agency citing the same issues raised in the OEO's investigation.

42. The Section 3020-a charges were heard before a 3020-a panel hearing officer, and Plaintiff received a $1,000 fine in November 2016.

43. Plaintiff has been involuntarily reassigned to the Absent Teacher Reserve pool since November 2016, and has been forced to rotate among several different schools since that time without being given a permanent assignment. This also has deprived him of the chance to do per session work.

44. The administration also gave Plaintiff a lower Developing overall rating for the 2015-16 school year, the lowest he had ever received in the High School for Global Citizenship.

45. The other physical education teacher at his former school, Mr. Steve Nathan, is of black color and non-Muslim, and was treated better than Plaintiff by the school administration by being given Plaintiff's schedule even though Plaintiff had more seniority, and was given a higher performance rating than Plaintiff.

46. Plaintiff requested from the EEOC and received a notice of right to sue letter, dated May 1, 2017, a copy which is attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF

**(Claims for Violation of Title VII against NYCDOE– Discrimination and Retaliation Based on Religion)**

44. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

45. Defendants, through the aforementioned conduct, have violated Title VII, by discriminating against Plaintiff based on his religion and retaliating against him based on his complaints about religious discrimination to the school principal and the DOE's OEO office.

## SECOND CLAIM FOR RELIEF

**(Claims for Violation of Title VII against NYCDOE– Discrimination and Retaliation Based on Race/Color)**

46. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47. Defendants, through the aforementioned conduct, have violated Title VII, by discriminating against Plaintiff based on his race and retaliating against him based on his complaints about racial discrimination to the school principal and the DOE's OEO office.

### THIRD CLAIM FOR RELIEF

**(Claims for Violation of 42 USC Section 1981 against all Defendants– Discrimination and Retaliation Based on Race)**

48. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

49. Defendants, through the aforementioned conduct, have violated 42 USC Section 1981, by discriminating against Plaintiff based on his race and discriminating against him based on his complaints about racial discrimination to the school principal and the DOE's OEO office.

### FOURTH CLAIM FOR RELIEF

**(Claims for Violation of New York State Division of Human Rights against All Defendants– Discrimination and Retaliation Based on Race/and Religion)**

50. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

51. Defendants, through the aforementioned conduct, have violated the NYSDHR, by discriminating against Plaintiff based on his race/ and religion and retaliating against him based on his complaints about racial and religious discrimination to the school principal and the DOE's OEO office.

### FIFTH CLAIM FOR RELIEF

**(Claims for Violation of New York City Commission on Human Rights– Discrimination and Retaliation Based on Race/ and Religion)**

52. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Defendants, through the aforementioned conduct, have violated the NYCCHR, by discriminating against Plaintiff based on his race/ and religion and retaliating against him based on his complaints about racial and religious discrimination to the school principal and the DOE's OEO office.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant NYCDOE is in violation of the federal Title VII;

B. A declaratory judgment that all Defendants are in violation of 42 USC Section 1981;

C. A declaratory judgment that all Defendants are in violation of the New York State Human Rights Law;

D. A declaratory judgment that all Defendants are in violation of the New York City Human Rights Law;

E. Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to Title VII, 42 U.S.C. Section 1981, and the state and city law causes of action above;

F. Awarding Plaintiff costs and attorneys' fees; and

G. Such other and further relief as to this Court may deem necessary, just and proper.

Dated:   New York New York
         January 9, 2018

                                       GLASS KRAKOWER LLP
                                       100 Church Street, Suite 800
                                       New York, NY 10007
                                       (212) 537-6859

By:   _____
       BRYAN D. GLASS, ESQ.