No.  17-cv-4849 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED ELGALAD,

                                                                                        Plaintiff,

-against-

NEW    YORK    CITY    DEPARTMENT    OF
EDUCATION; MICHELLE ROCHON, PRINCIPAL;
KABEYA   MBUYI,   ASSISTANT   PRINCIPAL;
HILAIRE LIVINGSTON, ASSIGNED PRINCIPAL,

                                                                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE
AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-109(D)*
*New York, New York  10007*

*Of Counsel:  Alana R. Mildner*
*Tel.:  (212) 356-1177*
*Matter No.:  2017-036946*

William S.J. Fraenkel,
Alana R. Mildner,
    Of Counsel.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………... 1

STATEMENT OF FACTS………………………………………………………… 1

ARGUMENT ……………………………………………………………………………6

POINT I ............................................................................................................. 6

   MANY OF PLAINTIFF'S CLAIMS ARE TIME-BARRED ................................ 6

POINT II ........................................................................................................... 8

   PLAINTIFF'S STATE LAW CLAIMS AGAINT DEFENDANT DOE ARE BARRED BY
   PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM ................................ 8

POINT III .......................................................................................................... 8

   PLAINTIFF'S 42 U.S.C. § 1981 CLAIM AGAINST DOE MUST BE DISMISSED FOR
   FAILING TO PLEAD A MONELL CLAIM ........................................................ 8

POINT IV .......................................................................................................... 10

   THE COMPLAINT FAILS TO PLEAD FACTS TO SUSTAIN PLAINTIFF'S TITLE VII
   CLAIMS ............................................................................................................ 10

POINT V ............................................................................................................ 15

   PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO 42 U.S.C. § 1981 AGAINST
   THE INDIVIDUALLY NAMED DEFENDANTS .............................................. 15

POINT VI ........................................................................................................... 17

   PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION FOR PROTECTED
   ACTIVITY PURSUANT TO TITLE VII, 42 U.S.C. § 1981, SHRL, OR CHRL .............. 17

POINT VII ......................................................................................................... 20

   THE COURT SHOULD DECLINE JURISDICTION OVER ANY SURVIVING STATE
   OR LOCAL CLAIMS........................................................................................ 20

CONCLUSION…………………………………………………………………..22

**Table of Authorities**                                                      **Page(s)**

**Cases**

*Abrams v. Dep't of Pub. Safety,*
    764 F.3d 244 (2d Cir. 2014).....................................................................................17

*Amorosi v. S. Colonie Indep. Cent. Sch. Dist.,*
    9 N.Y.3d 367 (2007) .........................................................................................7, 8

*AMTRAK v. Morgan,*
    536 U.S. 101 (2002)................................................................................................6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................9

*Bermudez v. City of New York,*
    783 F. Supp. 2d 560 (S.D.N.Y. 2011).................................................................12

*Browne v. City Univ. of New York,*
    419 F. Supp. 2d 315 (E.D.N.Y. 2005) .................................................................10

*Burkybile v. Bd. of Educ.,*
    411 F.3d 306 (2d Cir. 2015)............................................................................11, 17

*Burlington Northern and Santa Fe Ry. Co. v. White,*
    548 U.S. 53 (2006)................................................................................................17

*Danzer v. Norden Sys.,*
    151 F.3d 50 (2d Cir. 1998)...................................................................................14

*Day v. City of New York,*
    15 Civ. 4399 (GBD)(HBP), 2015 U.S. Dist. LEXIS 161206 (S.D.N.Y. Nov.
    30, 2015) ..............................................................................................................20

*Fox v. New York City Dep't of Educ.,*
    13-cv-3204 (VEC), 2015 U.S. Dist. LEXIS 110857 (S.D.N.Y. Aug. 20, 2015)......................8

*Henry v. Wyeth Pharms, Inc.,*
    616 F.3d 134 (2d Cir. 2010)..................................................................................14

*Hollander v. American Cyanamid Co.,*
    895 F.2d 80 (2d Cir. 1990)..............................................................................17, 19

*Iscenko v. City of N.Y.,*
    16 Civ. 6535 (LGS), 2017 U.S. Dist. LEXIS 103869 (S.D.N.Y. July 5, 2017) .....................10

*Johnson v. St. Barnabas Nursing Home,*
    568 F. Supp. 2d 399 (S.D.N.Y. 2008)..................................................................21

*Joseph v. Levitt*,
 465 F.3d 87 (2d Cir. 2006)..................................................................................11

*Kunik v. New York City Dep't of Educ.*,
 No. 15-CV-9512 (VSB), 2017 U.S. Dist. LEXIS 164132 (S.D.N.Y. Sept. 29,
 2017) ....................................................................................................................11

*Littlejohn v. City of New York*,
 795 F.3d 297 (2d Cir. 2015)................................................................................10

*Massaro v. Dep't of Educ.*,
 121 A.D.3d 569 (N.Y. App. Div. 1st Dep't 2014).............................................21

*Monell v. New York City Dept. of Social Services*,
 436 U.S. 658 (1978)..........................................................................................8, 9

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
 815 F. Supp. 2d 679 (S.D.N.Y. 2011)................................................................13

*Motta v. Global Contract Servs.*,
 15 Civ. 8555, 2016 U.S. Dist. LEXIS 59771 (S.D.N.Y. May 4, 2016)..........19, 20

*Pan Am. World Airways v. New York State Human Rights Appeal Board*,
 61 N.Y.2d 542 (1984) ...........................................................................................7

*Patterson v. Cnty. of Oneida*,
 375 F.3d 206 (2d Cir. 2004)...........................................................................8, 15

*Ruiz v. Cnty. Of Rockland*,
 609 F.3d 486 (2d Cir. 2010)................................................................................13

*Schiano v. Quality Payroll Systems, Inc.*,
 445 F.3d 597 (2d Cir. 2006)................................................................................19

*Spaulding v. N.Y. City Dep't of Educ.*,
 No. 12 Civ. 3041 (KAM) (VMS), 2015 U.S. Dist. LEXIS 127076 (E.D.N.Y.
 Feb. 19, 2015) .....................................................................................................10

*St. Francis Coll. v. Al-Khazraji*,
 481 U.S. 604 (1987).............................................................................................16

*Tolbert v. Smith*,
 790 F.3d. 427 (2d Cir. 2015)...............................................................................20

**Statutes**

42 U.S.C. § 1981 ............................................................................................... *passim*

42 U.S.C. § 2000—e(5)(e)(1) ..................................................................................6

iv

CHRL ................................................................................................................. *passim*

Civil Rights Act of 1964 Title VII (42 U.S.C. § 2000e to 2000e-17) ............................................. 1

Human Rights Law ...................................................................................................... 8

N.Y. Educ. Law § 3813(1) ............................................................................................. 8

N.Y. Educ. Law § 3813(2-b) ........................................................................................... 7

N.Y. Exec. Law § 297(9) ............................................................................................... 7

New York City Human Rights Law .................................................................................... 1

New York Education Law ............................................................................................... 4

New York Education Law § 3020-a ......................................................................... 4, 6, 11, 17

SHRL ............................................................................................................... *passim*

SHRL, Title VII ...................................................................................................... 20

State Executive Law .................................................................................................. 1

State Human Rights Law .............................................................................................. 1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1

 "New York City Department of Education" ("DOE") ................................................................. 1

## PRELIMINARY STATEMENT

Defendants, the Board of Education of the City School District of the City of New York, operating as the "New York City Department of Education" ("DOE"), Michelle Rochon, Kabeya Mbuyi, and Livingstone Hilaire (sued herein as "Hilaire Livingston") submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's Amended Complaint.   The Amended Complaint must be dismissed on multiple grounds.   Many of Plaintiff's Title VII claims are time-barred.   Moreover, the Amended Complaint fails to plead facts that would plausibly suggest even an inference of discrimination or retaliation.  Finally, Plaintiff's New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL") claims against DOE are barred by Plaintiff's failure to file a notice of claim.  Concerning any state or local law claims against the individual defendants that may survive this motion, this Court should decline to exercise supplemental jurisdiction.

.

## STATEMENT OF FACTS[1]

Plaintiff, Ahmed Elgalad, is employed by the DOE as a tenured physical education teacher.  Amended Complaint at ¶ 1.  He brings this action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e to 2000e-17) ("Title VII"), 42 U.S.C. § 1981, the New York State Executive Law ("SHRL") and the New York City Human Rights Law ("CHRL") alleging discrimination based on race/color (Caucasian) and religion (Muslim).   Amended Complaint at ¶ 1, 51, 53.

---

[1] Defendants' statement of facts is derived from the allegations of the Complaint, Amended Complaint, and the documents and materials incorporated by reference into the complaint and Amended Complaint, and are taken as true only for the purpose of this Motion to Dismiss.

1

Plaintiff taught physical education at the High School for Global Citizenship ("HSGC") in Brooklyn, New York, from 2010 until 2016.   Amended Complaint at ¶ 10.   Defendant Michelle Rochon is the Principal of HSGC and Defendant Kabeya Mbuyi is the school's Assistant Principal.   *Id.* at ¶ 6, 7.   Defendant Livingstone Hilaire (sued herein as "Hilaire Livingston") began working as Principal Assigned[2] at HSGC during the 2015-2016 school year. *Id.* at ¶ 8, 29.   Plaintiff identifies himself as being of Caucasian race/color and of the Muslim religion.   *Id.* at ¶ 4.   Plaintiff identifies Defendant Mbuyi as being of Black race/color and non-Muslim.   *Id.* at ¶ 7.   Plaintiff does not identify Defendant Rochon's or Defendant Hilaire's race, color, or religious affiliations.   *See generally id.*

Plaintiff had a verbal disagreement with another teacher, Ms. Chance, on or about March 6, 2014.   *Id.* at ¶ 13.   Plaintiff identifies Ms. Chance as Black and non-Muslim.   *Id.*   Plaintiff alleges that following the disagreement with Ms. Chance, Defendant Mbuyi held a disciplinary conference, which Plaintiff attended with his union representative.   *Id.*   Plaintiff alleges that during the disciplinary conference, Defendant Mbuyi made comments about Plaintiff's religion and color, stating that Plaintiff, as a Muslim and white individual, feels that he is superior to Ms. Chance and Mr. Mbuyi.   *Id.*   Plaintiff claims that Defendant Mbuyi stated to Plaintiff at the disciplinary conference, "your religion considers everyone unclean and you are the only one that is clean" and "if it's not about religion, it will be black and white."   *Id.*   Plaintiff did not receive a disciplinary letter following the conference.   *Id.*

---

[2] Principal Assigned is a title given to principals who are reassigned from their former assignments and temporarily placed in other DOE schools.   Defendant Hilaire was Principal of Samuel J. Tilden High School until its closure in 2010.   For the 2015-2016 and 2016-2017 school years, Defendant Hilaire was assigned to HSGC.   At all times relevant to the allegations in the Amended Complaint, Defendant Rochon was the principal of record at HSGC.

Plaintiff alleges that in October 2014, Defendant Mbuyi conducted an observation of Plaintiff's class and did not rate Plaintiff in some categories. *Id.* at ¶ 16. Plaintiff further alleges that during that month, Defendant Mbuyi interrupted Plaintiff's gym classes and "undermined Plaintiff's authority". *Id.* Plaintiff contends that he complained about Defendant Mbuyi's comments to Defendant Rochon on October 27, 2014. *Id.* at ¶ 8. Plaintiff alleges that on or about that same day, Defendant Rochon stopped paying Plaintiff for "extra class coverages". *Id.* Plaintiff alleges that in the fall of 2014, he was called to disciplinary conferences for allegations that were eventually unfounded and he did not receive disciplinary letters. *Id.* at ¶ 17, 21, 24.

Plaintiff asserts that he filed a complaint with DOE's Office of Equal Opportunity (OEO) against Defendant Mbuyi in December 2014. *Id.* at ¶ 22. Plaintiff alleges that because he filed a complaint with an external agency, his internal OEO case was closed without a decision. *Id.*

Plaintiff asserts that he was involuntarily sent for a medical examination to assess his fitness for duty in February 2015 and was immediately found fit. *Id.* at ¶ 25. Plaintiff alleges that on October 16, 2015, Defendant Hilaire, who was new to HSGC, gave Plaintiff an "ineffective observation."[3] *Id.* at ¶ 29, 30. Plaintiff further asserts that Defendant Rochon observed him in December 2015 and April 2016 and gave him a mixture of Ineffective and Developing ratings. *Id.* at ¶ 31, 34. Plaintiff asserts that during the 2015-2016 school year, he was called to disciplinary conferences and received letters to file. *Id.* at ¶ 33, 35. Plaintiff asserts that his schedule was "illegally" changed in January 2016. *Id.* at ¶ 32.

---

[3] DOE uses a teacher evaluation system known as the Danielson Framework. Under this system, teachers receive Annual Professional Performance Reviews (APPRs) of Highly Effective, Effective, Developing, or Ineffective. Teachers are observed during the school year and rated as Highly Effective, Effective, Developing, or Ineffective in a variety of categories. Classroom observations are not in and of themselves rated.

In June 2016, Plaintiff was charged under New York Education Law § 3020-a, which addresses disciplinary procedures for tenured teachers.  *Id.* at ¶ 38.  Pursuant to New York Education Law, a hearing was held before a neutral hearing officer.  *Id.* at ¶ 42.  A copy of Hearing Officer James A. Brown's Opinion and Award, dated October 28, 2016, is annexed to the Declaration of Alana R. Mildner ("Decl.") as Exhibit 1.  Plaintiff was charged with five Specifications.  *See* Ex. 1, p. 3.

Those charges alleged:

(1) On or about October 18, 2013, [Plaintiff] stated to Student S.B. words to the effect of:

    a.  Stupid.

    b.  Are you deaf?

    c.  Your way is stupid.

(2) On or about and between February 7, 2016 and March 29, 2016, [Plaintiff] failed to maintain accurate time and attendance records when he failed to move his time card 'in' upon arrival and 'out' upon departure to school.

(3) On or about March 21, 2016, [Plaintiff]:

    a.  Arrived late to work.

    b.  Failed to notify anyone at the school of his tardiness.

    c.  Caused his students to be left unsupervised.

(4) On or about March 24, 2016, [Plaintiff]:

    a.  Arrived late to work.

    b.  Failed to notify anyone at the school of his tardiness.

    c.  Caused his students to be left unsupervised.

4

(5) On or about April 19, 2016, [Plaintiff] inappropriately asked Student B.L. about an open investigation about [Plaintiff's] conduct.

Ex. 1, p. 3.

At the commencement of the hearing, DOE withdrew Specification 1.  Ex. 1, p. 10. Concerning Specification 2, the hearing officer found that Plaintiff did indeed fail to move his time card to the proper position upon arriving at HSGC each morning.  *Id.* at p. 11. Nonetheless, as Plaintiff had established an alternative arrangement of reporting his daily arrival to HSGC staff, there was no evidence of misconduct.  *Id.*  Concerning Specifications 3 and 4, the hearing officer found that it was undisputed that Plaintiff was late on these two dates.  *Id.* Although arriving late to work twice was not misconduct, Plaintiff failed to notify HSGC personnel of his lateness and this failure violated the HSGC Staff Handbook and led to Plaintiff's students being left unsupervised.  *Id.* at pp. 11 – 12.  As such, charges 3b and 4b were sustained. The hearing officer dismissed charges 3a and 4a, noting that two instances of lateness did not constitute misconduct, and dismissed charges 3c and 4c as duplicative of charges 3b and 4b.  *Id.*

Specification 5, perhaps the most serious, concerned Plaintiff's inappropriate questioning of female student B.L.[4] about an open disciplinary investigation into Plaintiff's conduct.  *Id.*  On April 18, 2016, Defendant Mbuyi emailed Plaintiff, informing him that on April 20th there would be a disciplinary conference concerning Plaintiff's interaction with Student B.L. earlier in the day.  *Id.* at pp. 12 – 13.  On April 19, 2016, Plaintiff asked Student B.L. whether she had written a witness statement.  *Id.* at p. 13.  Hearing Officer Brown found that Plaintiff's actions amounted to asking the student whether she had offered evidence against him in an ongoing disciplinary investigation.  *Id.*  Hearing Officer Brown found that Plaintiff's actions were, "intimidating,

---

[4] Student B.L., a former DOE student, is identified by her initials to protect her privacy.

potentially abusive and serve[d] no educational purpose." *Id.* Hearing Officer Brown found that the appropriate penalty for Plaintiff would be a $1,000 fine. *Id.* at p. 14.

Plaintiff was transferred to the Absent Teacher Reserve ("ATR")[5] in November 2016. Amended Complaint at ¶ 43. On November 7, 2016, Plaintiff filed a special proceeding in New York County State Supreme Court challenging the result of the New York Education Law § 3020-a proceeding. On December 15, 2017, Justice Barbara Jaffe denied Plaintiff's petition, finding that Defendant DOE's decision to transfer Plaintiff to the ATR was not an abuse of the agency's discretion and that the penalty of a $1,000 fine did not shock the conscience. A copy of Justice Jaffe's decision is annexed to the Mildner Decl. as Exhibit 2.

## ARGUMENT

### POINT I

### MANY OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT DOE ARE TIME-BARRED

Many of Plaintiff's Title VII claims against DOE are time-barred. In New York, a plaintiff must file charges with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the occurrence of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000—e(5)(e)(1), *AMTRAK v. Morgan*, 536 U.S. 101, 110 (2002). Plaintiff filed charges on November 18, 2016[6] and therefore, events occurring before January 23, 2016—300 days before November 18, 2016—are time-barred. Nearly all of Plaintiff's Title VII claims concern events that happened before January 23, 2016.

---

[5] Teachers may be assigned to the ATR for a variety of reasons, including school closure and disciplinary reasons. ATR teachers continue to receive full pay and benefits from DOE.

[6] Plaintiff filed charges with the New York State Division of Human Rights ("SDHR"). SDHR charges initiate a parallel action for EEOC.

Plaintiff alleges that Defendant Mbuyi made comments concerning Plaintiff's religion and race/color on or about March 6, 2014.  Amended Complaint at ¶ 13.  Plaintiff alleges that Defendant Rochon stopped paying Plaintiff for "extra class coverages" on October 27, 2014 and that he was called to multiple disciplinary conferences in 2014.  *Id.* at ¶ 20, 21.  Additionally, Plaintiff alleges that he was given an ineffective observation on October 16, 2015 and sent for a medical examination to assess his fitness for duty on February 4, 2015.  *Id.* at ¶ 25, 30.  All of these allegations concern events that occurred well prior to January 23, 2016.  Therefore, any Title VII claims concerning these events must be dismissed as these events occurred more than 300 days before Plaintiff's filing with the New York State Division of Human Rights ("SDHR").

Many of Plaintiff's SHRL and CHRL claims against DOE are also barred by the statute of limitations.  There is a one-year statute of limitations for SHRL and CHRL claims against DOE.  *See* N.Y. Educ. Law § 3813(2-b); *Amorosi v. S. Colonie Indep. Cent. Sch. Dist.*, 9 N.Y.3d 367, 373 (2007).  Plaintiff filed a verified complaint with SDHR on November 18, 2016.  *See* Plaintiff's Verified SDHR Complaint, a copy of which is annexed to the Mildner Decl. as Exhibit 3.  Therefore, all SHRL and CHRL claims originating prior to November 18, 2015—one year prior to Plaintiff's SDHR complaint—are time-barred.[7]

---

[7]   The filing of a complaint with the SDHR under the SHRL and CHRL tolls the statute of limitations until the administrative proceeding is concluded including when it is dismissed for administrative convenience.  *Pan Am. World Airways v. New York State Human Rights Appeal Board*, 61 N.Y.2d 542, 549 (1984); N.Y. Exec. Law § 297(9).  On March 9, 2017, SDHR dismissed Plaintiff's complaint on administrative convenience grounds.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS AGAINT DEFENDANT DOE ARE BARRED BY PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM

Plaintiff's SHRL and CHRL claims against DOE are barred by Plaintiff's failure to file a timely notice of claim.  Before bringing an action against a New York State school district, a claimant must file a notice of claim within three months of the occurrence of the underlying events.  N.Y. Educ. Law § 3813(1).  The New York Court of Appeals has held that this notice of claim requirement applies to Human Rights Law claims.  *See Amorosi*, 9 N.Y.3d at 370.  Plaintiff has not filed a notice of claim against DOE and therefore, his SHRL and CHRL claims must be dismissed.  *See Fox v. New York City Dep't of Educ.*, 13-cv-3204 (VEC), 2015 U.S. Dist. LEXIS 110857, at *20-21 (S.D.N.Y. Aug. 20, 2015) (dismissing state and city law claims due to plaintiff's failure to file a notice of claim).

## POINT III

### PLAINTIFF'S 42 U.S.C. § 1981 CLAIM AGAINST DOE MUST BE DISMISSED FOR FAILING TO PLEAD A MONELL CLAIM

Section 1981 claims against a municipality may not be brought on the basis of *respondeat superior*.  To state a claim against a municipality, such as the DOE, under 42 U.S.C. § 1981, a plaintiff must allege that there was: (1) an official policy, custom or practice; (2) the policy, custom or practice "caused," or was the "moving force," behind the plaintiff's alleged injuries; and (3) the injuries amounted to a violation of plaintiff's constitutional rights.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-94 (1978), 42 U.S.C. § 1981, *Patterson v.*

*Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (plaintiff must show that, "the challenged acts were performed pursuant to a municipal policy or custom").

Plaintiff fails to identify any DOE policy or practice of engaging in systemic discrimination against white employees.  Plaintiff's only allegations even approaching a race discrimination claim relate to a single comment made by one of the named defendants in 2014.  Plaintiff contends that on March 6, 2014, Defendant Mbuyi stated that Plaintiff, as a Muslim and White individual, views himself as superior to Defendant Mbuyi and another teacher, who are both Black. Amended Complaint at ¶ 13.  Defendant Mbuyi, an assistant principal, is not a policymaker for DOE.  Further, Defendant Mbuyi's remarks were in the context of a disciplinary conference following Plaintiff's verbal disagreement with another teacher.  *Id.*  Defendant Mbuyi was not expressing his own views of White individuals, but rather was expressing his perception that Plaintiff saw himself as superior to others.  Plaintiff also asserts that a Black teacher, Mr. Steve Nathan, was "treated better" than Plaintiff by HSGC administrators.  *Id.* at ¶ 45.  This allegation does not plausibly suggest a custom policy or practice of DOE.

Therefore, as the Amended Complaint fails to plead facts plausibly suggesting a *Monell* violation, Plaintiff's claims against DOE under 42 U.S.C. § 1981 must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## POINT IV

## THE COMPLAINT FAILS TO PLEAD FACTS TO SUSTAIN PLAINTIFF'S TITLE VII CLAIMS AGAINST DEFENDANT DOE

**A.      Standard of Review**

A complaint alleging employment discrimination must allege that plaintiff is a member of a protected class and suffered an adverse employment action, as well as "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).  "To survive a motion to dismiss in a Title VII discrimination case, 'a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.'" *Iscenko v. City of N.Y.,*16 Civ. 6535 (LGS), 2017 U.S. Dist. LEXIS 103869, at *8 (S.D.N.Y. July 5, 2017), *quoting Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  Many of Plaintiff's allegations do not rise to the level of an adverse employment action.  Further, to the extent that the Amended Complaint does allege an adverse employment action, Plaintiff has failed to plead facts that would plausibly suggest a discriminatory motive.

**B.       Plaintiff's "Developing" rating is not an adverse employment action**

Plaintiff states that he received a "Developing" rating at the conclusion of the 2015-2016 school year.  Amended Complaint at ¶ 44.  In order to demonstrate that an adverse employment action occurred, "[P]laintiff must present evidence of a 'materially adverse change in the terms and conditions of employment.'" *Browne v. City Univ. of New York*, 419 F. Supp. 2d 315, 332 (E.D.N.Y. 2005), *quoting Fairbrother v. Morrison*, 412 F.3d 39, 56 (2d Cir. 2005).

Plaintiff does not allege that the Developing rating has had any material effect on his employment with DOE.  *See Spaulding v. N.Y. City Dep't of Educ.*, No. 12 Civ. 3041 (KAM) (VMS), 2015 U.S. Dist. LEXIS 127076, at *127 (E.D.N.Y. Feb. 19, 2015) (teacher's

unsatisfactory rating was not an adverse employment action when plaintiff failed to demonstrate that the rating affected the terms and conditions of her employment). *Cf. Kunik v. New York City Dep't of Educ.*, No. 15-CV-9512 (VSB), 2017 U.S. Dist. LEXIS 164132, at *24 (S.D.N.Y. Sept. 29, 2017) (finding that plaintiff had connected her unsatisfactory rating to a loss of opportunities to teach summer school, constituting a tangible loss).  Because Plaintiff has failed to demonstrate that his 2015-2016 "Developing" rating materially affected the terms and conditions of his employment, he has not demonstrated that his Developing rating constituted an adverse employment action.

**C.   The preferment of charges, for which Plaintiff was eventually found guilty, does not constitute an adverse employment action**

An employer's use of disciplinary policies, without more, does not constitute an adverse employment action.  *Joseph v. Levitt*, 465 F.3d 87, 91 (2d Cir. 2006).  Here, Plaintiff was found to have failed to notify the school of his late arrival on two occasions and to have interfered with an ongoing investigation into his conduct.  *See generally* Ex. 1.

Plaintiff is precluded from challenging the hearing officer's findings.  A hearing pursuant to Section 3020-a is an administrative adjudication, to which this Court must give preclusive effect.  *See Burkybile v. Bd. of Educ.*, 411 F.3d 306, 311 (2d Cir. 2015).  Further, the hearing officer's findings were upheld by the New York State Supreme Court, New York County.  *See generally* Ex. 2.  Therefore, Plaintiff has failed to demonstrate that the preferring of Section 3020-a disciplinary charges reflecting Plaintiff's improper conduct constituted an adverse employment action.

Plaintiff does not allege that other individuals who committed the same disciplinary infractions were not subjected to disciplinary charges.  The Amended Complaint fails to plead

any facts which would plausibly suggest a discriminatory motive for, or disparate treatment in, the preferment of the charges.

**D.     Even if Plaintiff did suffer an adverse employment action, Plaintiff fails to allege facts that would plausibly suggest a discriminatory motive**

Even if Plaintiff did suffer an adverse employment action, he fails to allege facts plausibly suggesting a discriminatory motive.  The "false syllogism" that "(1) I am (insert name of protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)" is insufficient to survive a motion to dismiss. *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011).

Plaintiff alleges that in November 2016, he was involuntarily reassigned to the Absent Teacher Reserve and has been deprived of the chance to do per session work.  Amended Complaint at ¶ 43.  Plaintiff challenged his transfer to the ATR in his state court proceeding, and the court found that there was no basis to find that this transfer was an abuse of DOE's discretion.  Ex. 2.

Plaintiff alleges that "the school administration" treated another physical education teacher, Mr. Steve Nathan, better than Plaintiff.[8]  Amended Complaint at ¶ 45.  Plaintiff alleges that Mr. Nathan is "of black color" and non-Muslim.  *Id.*  Plaintiff does not state how Mr. Nathan was treated better than Plaintiff, other than alleging that Mr. Nathan was "given Plaintiff's schedule" and given a higher performance rating.[9]  *Id.*

---

[8] Plaintiff does not specify who treated Mr. Nathan better than Plaintiff.  *See generally* Amended Complaint.

[9] Plaintiff does not explain whether Mr. Nathan was given the same schedule as Plaintiff or whether Plaintiff's schedule was reassigned to Mr. Nathan.  Plaintiff does not allege what rating Mr. Nathan received.  Plaintiff also does not allege when Mr. Nathan was given Plaintiff's schedule or in what school year Mr. Nathan received a higher performance rating than Plaintiff.  *See* Amended Complaint.

When a plaintiff alleges disparate treatment from that of a comparator, "[a]t the motion to dismiss stage . . . a court still must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 698 (S.D.N.Y. 2011).  The Second Circuit defines similarly situated as "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. Of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010).

Other than the fact that Mr. Nathan and Plaintiff both taught physical education at HSGC, Plaintiff has not alleged any facts that would demonstrate that Mr. Nathan and Plaintiff were similarly situated.  Plaintiff was found to have engaged in misconduct when he failed to inform school personnel of his late arrival and interfered with an ongoing disciplinary investigation. *See generally* Ex. 1.  Plaintiff does not allege that Mr. Nathan engaged in comparable conduct. Additionally, Plaintiff's claim that Mr. Nathan was "given [Plaintiff's] schedule" is incredibly vague and fails to establish that Mr. Nathan was given preferential treatment.  *See* Amended Complaint at ¶ 45.

Plaintiff's only allegation that would suggest a discriminatory motivation for any alleged adverse employment actions is that Defendant Mbuyi made stray remarks about Plaintiff's race and religion in 2014.  Plaintiff alleges that following a verbal disagreement between Plaintiff and another teacher, Ms. Chance, Defendant Mbuyi commented that: Plaintiff, who is White, views himself as superior to Defendant Mbuyi and Ms. Chance, who are both Black; that the Muslim religion views everyone as unclean with Plaintiff being the only clean person; and "if it's not about religion, it will be black and white."  Amended Complaint at ¶ 13.  Taking Plaintiff's

allegations as true only for the purposes of this Motion to Dismiss, Plaintiff has failed to demonstrate that Defendant Mbuyi's stray remarks plausibly suggest discriminatory animus.

It is well established that, "stray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination." *Danzer v. Norden Sys.*, 151 F.3d 50, 56 (2d Cir. 1998). Plaintiff alleges that Defendant Mbuyi's comments were made on one occasion in 2014. Further, Defendant Mbuyi's statement does not show that Defendant Mbuyi had a derogatory view of Plaintiff or members of Plaintiff's race or religion. Rather, Defendant Mbuyi's comments reflect how Defendant Mbuyi perceived that Plaintiff was treating Defendant Mbuyi and Ms. Chance, who are both Black. *See* Amended Complaint at ¶ 13.

The Second Circuit uses a four-factor test in evaluating whether remarks are probative of discriminatory intent:

> 1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e. whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e. whether it was related to the decision-making process).

*Henry v. Wyeth Pharms, Inc.*, 616 F.3d 134, 149 (2d Cir. 2010).

Defendant Mbuyi, as assistant principal of HSGC, was one of Plaintiff's supervisors. Plaintiff, however, does not allege that the remark was made in relation to any employment decision; indeed Plaintiff does not plead that Defendant Mbuyi took any adverse action against Plaintiff whatsoever. The employment decisions which Plaintiff mentions in his Amended Complaint – his 2016 disciplinary hearing and subsequent penalty—occurred over two years after Defendant Mbuyi's alleged comments and were not attributable to Defendant Mbuyi.

14

Plaintiff acknowledges that he did not receive a disciplinary letter as a result of the conference at which Defendant Mbuyi made the alleged comments.  Amended Complaint at ¶ 13.  Defendant Mbuyi's remark was made following Plaintiff's verbal disagreement with another teacher, Ms. Chance, who is Black.  The content of the remark is extremely ambiguous.  It is unclear from Plaintiff's Amended Complaint whether Defendant Mbuyi was simply stating that Plaintiff's verbal disagreement with Ms. Chance concerned racial or religious issues.

Plaintiff has failed to demonstrate that Defendant Mbuyi's alleged comments are probative of discriminatory intent.  Further, Plaintiff identifies no adverse employment action that Defendant Mbuyi took against Plaintiff.  In fact, Plaintiff acknowledges that he did not receive a disciplinary letter following the March 6, 2014 conference and that he received a Highly Effective end-of-year Measure of Teacher Performance ("MOTP") rating for the 2013-2014 school year.  Amended Complaint at ¶ 13, 14.

## POINT V

### PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO 42 U.S.C. § 1981 AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

"In order to make out a claim for individual liability under § 1981, 'a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action…Personal liability under section 1981 must be predicated on the actor's personal involvement.'"  *Patterson*, 375 F.3d at 229 (*quoting Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)).  Plaintiff fails to allege that Defendants Rochon or Hilaire engaged in any specific discriminatory action on the basis of Plaintiff's race.

As noted above, Plaintiff's allegation that another physical education teacher, who is Black, was "treated better than Plaintiff by the school administration" is insufficient to state a cause of action.  Plaintiff fails to allege that he and his alleged comparator, Steve Nathan, were substantially similar or that Mr. Nathan was given any preferential treatment.  *See* Point IV (D), above.  Therefore, Plaintiff has failed to demonstrate that the Defendants engaged in disparate treatment of Plaintiff on the basis of race.

Plaintiff's allegations regarding Defendant Mbuyi's stray remarks from 2014 are insufficient to plausibly allege invidious motive for any adverse employment actions. As explained above, Defendant Mbuyi's comments do not reflect his view of White individuals, but rather, Defendant Mbuyi's perception that Plaintiff, who identifies as White, viewed himself as superior to Ms. Chance, and Defendant Mbuyi, who are both Black.  Therefore, Defendant Mbuyi's remarks are not probative of any discriminatory intent.

Further, some of Defendant Mbuyi's alleged comments concern Plaintiff's religious beliefs.  Amended Complaint at ¶ 13.  Section 1981 prohibits discrimination on the basis of race and does not cover religious discrimination.   A reference to Plaintiff's religious beliefs is insufficient to demonstrate race discrimination under Section 1981.  *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)  (Section 1981 applies to discrimination on the basis of race, defining race as it was defined in the 19th century, but does not apply to discrimination on the basis of religion or national origin).  Therefore, Defendant Mbuyi's alleged comments about Plaintiff's religion are insufficient to demonstrate race discrimination under 42 U.S.C. § 1981.

### POINT VI

### PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION FOR PROTECTED ACTIVITY PURSUANT TO TITLE VII, 42 U.S.C. § 1981, SHRL, OR CHRL

To state a claim of retaliation under Title VII, a plaintiff must "plead facts that would tend to show that: (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging him; and (3) there exists a causal connection between the protected activity and the adverse action." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 257 (2d Cir. 2014). Plaintiff must show that the retaliatory acts complained of might dissuade a reasonable employee from engaging in protected activity. *See Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

To the extent that Plaintiff alleges that retaliation occurred before January 23, 2016, these claims are barred by the statute of limitations for Title VII claims. *See* Point I, above. Further, the purported retaliatory actions that occurred after January 23, 2016 are too temporally remote to Plaintiff's OEO complaint make out a retaliation claim. Plaintiff alleges that he was brought up on Section 3020-a charges at the end of the 2015-2016 school year, fined $1,000 in November 2016 and transferred to the Absent Teacher Reserve (ATR) pool. *Id*. at ¶ 30, 42. As these events occurred one and two years after Plaintiff's OEO complaint, these events were not temporally proximate enough to Plaintiff's OEO complaint to create an inference of causation. *See Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (timespan of three months insufficient to demonstrate retaliation). *See also Burkybile*, 411 F.3d at 314 (finding that plaintiff could not make a prima facie case of retaliation as more than one year had elapsed between plaintiff's accusations against another employee and plaintiff's disciplinary proceeding).

17

Plaintiff's Amended Complaint asserts that Plaintiff submitted a complaint to the Office of the Mayor on May 10, 2016, and that this complaint was eventually forwarded to DOE OEO. Plaintiff asserts that he received a disciplinary letter 16 days later regarding his interference with an ongoing investigation.   Amended Complaint at ¶ 37.   Plaintiff's interference in the investigation, as well as his tardiness, were the subject of his disciplinary charges in June 2016. *Id.* at ¶ 38.  Plaintiff fails to note that he was found guilty at a disciplinary hearing.  Specifically, Plaintiff was found to have inappropriately asked a student whether she had written a statement in a pending disciplinary investigation.  *See* Ex. 1.  The hearing officer's finding was upheld by the New York State Supreme Court.  *See* Ex. 2.  Plaintiff fails to demonstrate how Defendants' actions in disciplining Plaintiff for conduct for which he was found guilty would dissuade a reasonable employee from engaging in protected activity.   Therefore, Plaintiff has failed to demonstrate that DOE retaliated against Plaintiff pursuant to Title VII.

Plaintiff similarly fails to state a claim that the individually named defendants retaliated against Plaintiff for activity protected by 42 U.S.C. § 1981, which has a longer statute of limitations than Title VII.  Plaintiff alleges that on February 4, 2015, approximately two months after his OEO complaint against Defendant Mbuyi, Defendant Rochon sent Plaintiff for a medical examination to assess Plaintiff's mental and physical fitness for duty.   Amended Complaint at ¶ 25.   Plaintiff alleges that he was promptly found fit by DOE doctors.  *Id.* Plaintiff's OEO complaint was against Defendant Mbuyi, not Defendant Rochon.  *Id.* at ¶ 22. Further, Plaintiff fails to demonstrate how a single medical examination, through which he was promptly found fit for duty, would deter an employee from making a complaint to OEO.

Plaintiff alleges that he informed Defendant Rochon of Defendant Mbuyi's comments on October 27, 2014 and that on or about that same date, Defendant Rochon stopped paying

Plaintiff for "extra class coverages." *Id.* at ¶ 20.  However, Plaintiff fails to establish that he ever performed class coverage duties without pay or that there were any available class coverage opportunities.  *See generally* Amended Complaint.

Plaintiff also alleges that Defendant Hilaire gave Plaintiff an "ineffective observation" on October 16, 2015.  *Id.* at ¶ 30.  This observation occurred approximately ten months after Plaintiff's OEO complaint, which is not proximate enough in time to infer causation.  *See Hollander*, 895 F.2d at 85-86.  Additionally, Plaintiff's OEO complaint concerned only Defendant Mbuyi, and not Defendant Hilaire.  Amended Complaint at ¶ 22.  As Plaintiff admits, Defendant Hilaire did not begin working at HSGC until the 2015-2016 school year, well after Plaintiff's December 2014 OEO Complaint.  Therefore, Plaintiff has failed to state a claim of retaliation pursuant to 42 U.S.C. § 1981.

Retaliation claims under SHRL are reviewed under the same standard as Title VII retaliation claims.  *See Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597, 609 (2d Cir. 2006).  Therefore, as Plaintiff has failed to state a claim of retaliation pursuant to Title VII or 42 U.S.C. § 1981, Plaintiff has similarly failed to state a claim of retaliation pursuant to SHRL.

The CHRL has a lower standard for retaliation claims than the SHRL.  Under the CHRL, a plaintiff must show that the retaliatory action is "reasonably likely to deter a person from engaging in protected activity."  *Motta v. Global Contract Servs.*, 15 Civ. 8555, 2016 U.S. Dist. LEXIS 59771, at *10-11 (S.D.N.Y. May 4, 2016), *quoting* NYCHRL § 8-107(7).  "[D]espite the liberal construction accorded claims under the NYCHRL, Plaintiff must still allege enough facts to state a claim to relief under the NYCHRL that is plausible on its face.").  *Id.*, *quoting Smith v. Johnson*, No. 14 Civ. 3975, 2014 U.S. Dist. LEXIS 151193, at *4 (S.D.N.Y. Oct. 24, 2014), *aff'd*, No. 14-4477-CV, 636 Fed. Appx. 34, 2016 U.S. App. LEXIS 333 (2d Cir. Jan. 11, 2016).

Plaintiff here fails to demonstrate that Defendants took any action against him that would be reasonably likely to deter a person from making a complaint to OEO.  Further, Plaintiff fails to demonstrate any causal connection between any of the alleged retaliatory actions and his OEO complaint.  *See Motta*, 2016 U.S. Dist. LEXIS 59771, at *11 (plaintiffs' thin, conclusory allegations of retaliation did not establish plausible inference that employer's actions would deter a person from engaging in protected activity).

**POINT VII**

**THE COURT SHOULD DECLINE JURISDICTION OVER ANY SURVIVING STATE OR LOCAL CLAIMS**

Plaintiff's claims under SHRL and CHRL must also be dismissed.  As stated above, Plaintiff's state and city law claims against DOE must be dismissed due to Plaintiff's failure to file a notice of claim.  *See* Point II, above.  Therefore, Plaintiff's claims under New York State and City laws may only be considered against the individual defendants.

The same standard is used to analyze claims under SHRL, Title VII, and 42 U.S.C. § 1981.  *Tolbert v. Smith*, 790 F.3d. 427, 434 (2d Cir. 2015).  Therefore, for the same reasons that Plaintiff has failed to state a claim under Title VII or 42 U.S.C. § 1981, Plaintiff has failed to state a claim with respect to SHRL.

The CHRL is to be "construed broadly such that 'liability is normally determined simply by the existence of differential treatment.'" *Day v. City of New York*, 15 Civ. 4399 (GBD)(HBP), 2015 U.S. Dist. LEXIS 161206, at *40 (S.D.N.Y. Nov. 30, 2015) (*quoting Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F. 3d 102, 110 (2d. Cir. 2013)).  Although Plaintiff contends that a Black teacher, Mr. Steve Nathan, was treated better than Plaintiff, the Complaint

does not specify the ways in which Mr. Nathan was treated better or that Mr. Nathan was treated better due to discriminatory animus. *See Massaro v. Dep't of Educ.*, 121 A.D.3d 569, 570 (N.Y. App. Div. 1st Dep't 2014) (employee's claim that she was treated less well than younger employees was insufficient to state a claim under SHRL or CHRL).

To the extent any of Plaintiff's state or local law claims survive, the Court should decline to exercise supplemental jurisdiction over those claims. *See Johnson v. St. Barnabas Nursing Home*, 568 F. Supp. 2d 399, 401 (S.D.N.Y. 2008) (declining to exercise supplemental jurisdiction over state and city employment discrimination claims where plaintiff's Title VII claims were time-barred).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated:      New York, New York
           February 15, 2018

                    **ZACHARY W. CARTER**
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants
                    100 Church Street, Room 2-109(d)
                    New York, New York 10007
                    (212) 356-1177
                    amildner@law.nyc.gov

            By:       /s/
                    Alana R. Mildner
                    Assistant Corporation Counsel

William S.J. Fraenkel,
Alana R. Mildner,
   Of Counsel.

22