# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

AHMED M. ELGALAD,                              *17-cv-04849 (VSB)*

                                    Plaintiff,

                   -vs-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MICHELLE ROCHON, PRINCIPAL; KABEYA MBUYI,
ASSISTANT PRINCIPAL; HILAIRE LIVINGSTON,
ASSIGNED PRINCIPAL,

                                    Defendant.

---

## *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint*

---

GLASS KRAKOWER LLP
Attorney for Plaintiff
100 Church Street, Suite 800
New York, NY 10007
Tel.: (212) 537-6859


To:  Alana Rachel Mildner
New York City Law Department
100 Church Street
New York, NY 10007
(212)-356-1177

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................. 1

FACTUAL ALLEGATIONS.................................................................. 2

ARGUMENT:

POINT I

THE AMENDED COMPLAINT HAS PLED MORE THAN ADEQUATE
VALID RACE AND RELIGION DISCRIMINATION CLAIMS UNDER
TITLE VII.......................................................................................... 5

    A. LEGAL STANDARD................................................................. 5

    B. PLAINTIFF HAS STATED VALID DISCRIMINATION
       CLAIMS BASED ON RACE AND RELIGION UNDER TITLE
       VII ...................................................................................... 6

    C. PLAINTIFF HAS STATED VALID RETALIATION CLAIMS
       UNDER TITLE VII BASED ON MAKING COMPLAINTS
       AGAINST HIS ADMINISTRATORS BASED ON RACE AND
       RELIGIOUS DISCRIMINATION ......................................... 9

POINT II

THE AMENDED COMPLAINT HAS PLED MORE THAN ADEQUATE
VALID RACE DISCRIMINATION AND RETALIATION CLAIMS
UNDER 42 USC SECTION 1981........................................................ 10

POINT III

THE AMENDED COMPLAINT HAS PLED MORE THAN ADEQUATE
VALID RACE AND RELIGION DISCRIMINATION CLAIMS UNDER
THE STATE AND CITY HUMAN RIGHTS LAW ............................. 11

CONCLUSION ................................................................................. 12

HAUSDORF v. NYCDOE, 17 CV 2115 DECISION ........................... 16

i

WHITE v. ROOSEVELT UNION FREE SCHOOL DISTRICT,
15 CV 1035 DECISION ......................................................................................... 36

# <u>TABLE OF AUTHORITIES</u>

**Page**

<u>Statutes and rules:</u>

*Title VII of the Civil Rights Act of 1964,*
*42 U.S.C. § 1981 et. seq* ............................................................... 1

<u>Cases:</u>

*Anderson v. City of N.Y.,* 2017 U.S. Dist. LEXIS 8358, at \*26
(SDNY Jan. 19, 2017, No. 1:16-cv-01051 [GBD] [KHP]) .......................... *9*

*Browne v. City Univ. of New York*, 419 F.Supp.2d 315, 322
(E.D.N.Y. 2005), *aff'd sub nom., Brown v. Queen's Coll. City*
*Univ. of New York,* 202 F. App'x 423 (2d Cir. 2006) ................................ 7

*Burlington Northern & Santa Fe Railway v. White,*
543 U.S. 53 (2006) ........................................................................ 9

*Fincher v. Depository Trust & Clearing Corp.,* 604 F.3d 712, 720
(2d Cir. 2010) .............................................................................. 9

*Giscombe v. NYCDOE,* 2013 WL 829127, at \*7
(S.D.N.Y. Feb. 28, 2013) ............................................................... 11

*Graham v. Long Island R.R.,* 230 F.3d 34, 39 (2d Cir. 2000) ................... 5

*Hausdorf v. NYCDOE,* 17 CV 2115 (PAE)(SN)
(S.D.N.Y. 1/25/18) ................................................................... 1-2, 9

*Herling v, New York City Dep't of Educ.,* 13-CV-5287, NYLJ
1202654297747, at \*11 (E.D.N.Y. April 22, 2014) .............................. 7

*Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413,
2011 U.S. App. LEXIS 4626 at *5 ............................................................. 5

*Sank v. City Univ. of New York*, 10-CV-4975, 2011 WL 5120668,
at *11 (S.D.N.Y. Oct. 28, 2011) ................................................................. 8

*Richardson v. New York State Dep't of Correctional Serv.*,
180 F.3d 426, 446 (2d Cir. 1999) (*relying on Crady v. Liberty
Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)) ................. 6

*Sealy v. Hertz Corp.*, 688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009) .............. 7

*Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466
(2d Cir. 1997) ........................................................................................... 6

*White v. Roosevelt Union Free School District*, 15 CV 1035 (JS)(SIL)
(E.D.N.Y. 12/20/17) ........................................................................... 2, 9, 10

*Williams v. Board of Education-City of Buffalo*, 2008 WL 2946003
(W.D.N.Y. 2008) ...................................................................................... 11

*Williams v. Regus Mgt. Group, LLC*, 836 F. Supp. 2d 159
(S.D.N.Y. 2011), 2011 U.S. Dist. LEXIS 140287, at *8 ........................... 8

*Woodman v. WWOR-TV, Inc.,* 411 F.3d 69, 75 (2d. Cir. 2005) ................. 6

*Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226
(2d Cir. 2006) .......................................................................................... 10

*Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir.
2001) ........................................................................................................ *8*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHMED M. ELGALAD,

                            Plaintiff,

-against-

                                                            17 CV 4849 (VSB)

NEW YORK CITY DEPARTMENT OF
EDUCATION; MICHELLE ROCHON,
PRINCIPAL; KABEYA MBUYI, ASSISTANT
PRINCIPAL; HILAIRE LIVINGSTON,
ASSIGNED PRINCIPAL,

                            Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff teacher Ahmed Elgalad submits this memorandum of law in response to Defendants' motion to dismiss the Amended Complaint in this action, which was commenced pursuant to the federal Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981 for discrimination and retaliation based on Plaintiff's race/color (Caucasian) and religion (Muslim). Defendants' motion is premature at this juncture and should be denied, as Plaintiff has stated valid claims of discrimination and retaliation under the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981, and related state and city laws. Defendants' motion has reached far beyond what is appropriate for a motion to dismiss, and motions of this type against teachers have been routinely denied at this early stage of litigation. *See Hausdorf v. NYCDOE*, 17 CV

1

2115 (PAE)(SN)(S.D.N.Y. 1/25/18); *White v. Roosevelt Union Free School District*, 15 CV 1035 (JS)(SIL) (E.D.N.Y. 12/20/17) (copies attached hereto). Therefore, Defendants' motion to dismiss should be denied, and this matter should be promptly scheduled for pretrial discovery and an eventual trial.    If the Court is inclined to find that any further factual pleadings are necessary before proceeding to discovery, Plaintiff asks for leave to file a second amended complaint in this action.

**FACTUAL ALLEGATIONS**

At the outset, Plaintiff respectfully refers to his Amended Complaint for a full and complete recitation of the facts of this matter.

Plaintiff began teaching as a high school physical education teacher in the NYCDOE in September 2001.   Amended Complaint ¶ 9.   Plaintiff taught at the High School for Global Citizenship with the NYCDOE in Brooklyn, New York, from September 2010 until he was involuntarily reassigned from the school in September 2016, when he received Section 3020-a disciplinary charges.   Id. ¶ 10.   Plaintiff received Satisfactory or Effective end of year ratings every year until the 2014-15 school year, with highly effective ratings on several categories on individual observations.   Id. ¶ 12.

On or about March 6, 2014, Plaintiff had a verbal disagreement with another teacher, Ms. Chance, who is black and non-Muslim, in which Ms. Chance called Plaintiff a "disgusting human being." Id. ¶ 13.   Plaintiff was summoned to a disciplinary conference with Assistant Principal Kabeya Mbuyi (also black and non-Muslim), which was conducted in the presence of his UFT representative Jeremy Bucaria.   Id.   At the conference, AP Mbuyi brought up Plaintiff's religion and his color, and alleged that Plaintiff feels like he is superior to him and Ms. Chance because he is a Muslim and white.   Id.   Specifically, AP Mbuyi stated to Plaintiff that "your

2

religion considers everyone unclean and you are the only one that is clean," and further stated "if it's not about religion, it will be black and white."   Id.

After Plaintiff complained about these racial and religious remarks to Principal Rochon, his work environment became more hostile. Id. ¶ 23. He began receiving poor ratings and being summoned to unwarranted disciplinary meetings, as well as having his workload changed and per session overtime for extra class coverages decreased.   Id. ¶ 20.   The administration also alleged that Plaintiff was suddenly unfit to teach and was sent for a mandatory medical evaluation. Id. ¶ 25.   After being sent to that medical evaluation, he was immediately cleared and deemed fit to work.   Id.   Another administrator, Assigned Principal Hilaire Livingston, joined the school and he too joined in the administration's scrutiny of Plaintiff by giving him poor ratings at the behest of the school principal in the Fall of 2016. Id. ¶ 29.

Plaintiff filed a discrimination complaint with the New York City Department of Education's Office of Equal Opportunity (OEO) on December 8, 2014. Id. ¶ 22.   Shortly after Plaintiff filed the OEO complaint, 10 days later on December 18, 2014, AP Mbuyi called Plaintiff to another disciplinary conference. Id. ¶ 24.

In March and April 2015, and again in June 2015, Plaintiff wrote to his Superintendent Michael Prayor and DOE Chancellor Carmen Farina pleading for intervention regarding the discriminatory and retaliatory mistreatment from the administration at his school. Id. ¶ 26.   He only received a response that his complaint was transferred to the DOE's Office of Special Investigation.   Id.   After filing these OEO complaints, Plaintiff suddenly received his first disciplinary letter, on June 1, 2015, alleging verbal abuse against him based on an incident dating back from October 2013. Id. ¶ 27.   This very long delay, between the alleged incident occurring in 2013 and issuing a disciplinary letter to file about it in 2015, is a violation of Chancellor's

Regulation A-421 and the Collective Bargaining Agreement, and clearly raises an inference of retaliation.

The hostile environment against Plaintiff by his administration continued in the 2015-16 school year with lower performance ratings on December 7, 2015, a change of his schedule, and six disciplinary conference letters on March 29, 2016. Id. ¶ 31-33. On May 26, 2016, initiated by AP Mbuyi, the same administrator he filed discrimination charges against, Plaintiff was given a disciplinary letter for allegedly interfering with an investigation by asking a student if she wrote any statement about him. **This disciplinary letter was initiated by AP Mbuyi, the very same administrator who he had previously accused of racial and religious harassment of him.** Id. ¶ 37. Subsequently, on or about June 22, 2016, Plaintiff was served with New York State Education Law Section 3020-a disciplinary charges seeking to terminate his many years of employment, based primarily on the allegations initiated by AP Mbuyi regarding the May 26, 2016 disciplinary letter. Id. ¶ 38.

Plaintiff was reassigned from the school in September 2016 upon returning after the summer break. Id. ¶ 39. The Section 3020-a charges were heard before a 3020-a panel hearing officer, and Plaintiff received a $1,000 fine in November 2016, solely by asking a student if she wrote any statement about him. Id. ¶ 42.

Plaintiff since has been involuntarily reassigned to the Absent Teacher Reserve pool since November 2016, and has been forced to rotate among several different schools since that time without being given a permanent assignment. Id. ¶ 43. This ATR status also has deprived him of the chance to do per session overtime work and has required him to travel throughout the City to different schools, and has made it difficult for him to be rehired as a full-time teacher in a new school. The administration also gave Plaintiff a lower Developing overall rating for the

2015-16 school year, the lowest he had ever received in the High School for Global Citizenship, which also makes it difficult for him to find and be hired as a full-time permanent placement in another school. Id. ¶ 44.

The other physical education teacher at the High School for Global Citizenship, Mr. Steve Nathan, is of black color and non-Muslim, and was treated more favorably than Plaintiff by the school administration by being given Plaintiff's preferred schedule even though Plaintiff had more seniority, by not being disciplined for leaving his class unsupervised in contrast to Plaintiff being disciplined for a single lateness, and by being given a higher performance rating than Plaintiff for the 2016-17 school year, despite Plaintiff being more qualified and experienced as a physical education teacher. Id. ¶ 45.

## ARGUMENT

## POINT I

## THE AMENDED COMPLAINT HAS PLED MORE THAN ADEQUATE VALID RACE AND RELIGION DISCRIMINATION CLAIMS UNDER TITLE VII

**A.    Legal Standard**

In order to establish a *prima facie* case of discrimination under the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981 for discrimination based on his race/color and religion, a plaintiff must show that he (1) falls within the protected group; (2) he was performing his duties satisfactorily; (3) he was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413, 2011 U.S. App. LEXIS 4626 at *5. Though a plaintiff bears the burden of producing evidence sufficient to support a prima facie case of

discrimination, such evidence need be no more than "minimal" or "de minimis." *See, e.g.,*
*Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d. Cir. 2005).

A plaintiff's establishment of a prima facie case gives rise to a presumption of unlawful
discrimination that shifts the burden of production to the defendant, who must proffer a
"legitimate, nondiscriminatory reason" for the challenged employment action. *See Woodman*,
411 F.3d at 76.

**B.**   **Plaintiff Has Stated Valid Discrimination Claims Based on Race and Religion under Title VII**

Defendants initially do not contest that Plaintiff was within a protected group based on
race and religion (Muslim), but challenge Plaintiff's claim that he suffered an adverse
employment action that occurred under circumstances giving rise to an inference of
discrimination.  Plaintiff clearly has met his burden for both these elements to survive a motion
to dismiss as this early stage of this litigation.

*1.   Plaintiff has indeed suffered multiple materially adverse actions*

A plaintiff sustains an adverse employment action if he endures a "materially adverse
change" in the terms and conditions of employment.  *See Richardson v. New York State Dep't of*
*Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and*
*Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)).  A "materially adverse" change might be indicated
by a "material loss of benefits" or other indices unique to a particular situation. *See Wanamaker*
*v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Plaintiff has suffered a material loss
of benefits. Specifically, he has:

1) Suffered lost wages as a result of being fined after the 3020-a hearing initiated by AP Mbuyi and his
   school principal Michelle Rochon based on discrimination and retaliation against him;

2) Lost opportunity to make overtime and grade Regents exams since becoming a rotating Absent Teacher

Reserve after his 3020-a disciplinary proceeding;

3) Lost extra coverages after his involuntary transfer of classes during the 2016-17 school year; and

4) Received a Developing overall rating during the 2016-17 school year, the lowest of his career.

Regarding Plaintiff's annual rating, it is widely accepted that a negative evaluation or reprimand is considered an adverse employment action if it is accompanied by an adverse result such as "demotion, diminution of wages, or other tangible loss." *Browne v. City Univ. of New York*, 419 F.Supp.2d 315, 322 (E.D.N.Y. 2005), *aff'd sub nom.*, *Brown v. Queen's Coll. City Univ. of New York*, 202 F. App'x 423 (2d Cir. 2006) (collecting cases); *see also Herling v, New York City Dep't of Educ.*, 13-CV-5287, NYLJ 1202654297747, at *11 (E.D.N.Y. April 22, 2014) (holding that the U rating plaintiff received for the 2009-10 school year constituted an adverse employment action because it was accompanied by a pay-freeze and served to bar plaintiff from earning per-session wages).   As such, because Plaintiff became an ATR as a result of the retaliatory Section 3020-a case, resulting in him being unable to work per session, he has plainly met his burden of establishing adverse actions and economic loss for the purpose of an adverse action under the ADEA.

Additionally, as to the other allegations of adverse employment action, it is important to note that courts have held that no type of alleged adverse employment action should be outright dismissed without exploration as to whether it qualifies as a true adverse employment action. *See Sealy v. Hertz Corp.*, 688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009) ("[I]n the retaliation context, 'no 'type of challenged conduct [may] be categorically rejected as nonactionable' under the [NYCHRL].'") (internal citations omitted).

*2.   Plaintiff has alleged facts showing discriminatory intent based on race and religion*

The fourth prong of establishing a prima facie case of discrimination—that the circumstances surrounding an adverse employment action give rise to an inference of

discrimination—is satisfied "if a member of a protected class was treated differently than a worker who was not a member of that protected class." *See Williams*, 2011 U.S. Dist. LEXIS 140287, at *8; *Sank v. City Univ. of New York*, 10-CV-4975, 2011 WL 5120668, at *11 (S.D.N.Y. Oct. 28, 2011); *see also Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001).

Throughout his Amended Complaint, Plaintiff has alleged a plethora of situations in which he was treated differently than other, non-Muslim and non-Caucasian teachers. For example, the other physical education teacher at his former school, Mr. Steve Nathan, is of black color and non-Muslim, and was treated better than Plaintiff by the school administration by being given Plaintiff's schedule even though Plaintiff had more seniority, and was given a higher performance rating than Plaintiff despite being less qualified than Plaintiff, and was not disciplined for similar conduct. Amended Complaint ¶ 45.

In addition, Plaintiff has pled that AP Mbuyi (who is black and non-Muslim) made racist and anti-Muslim remarks about him, that were not addressed by the DOE's OEO office or his school administration. Id. ¶ 13.   Instead, Principal Rochon (also black and non-Muslim) allowed AP Mbuyi to retaliate against Plaintiff with impunity and drive him out of the school after Plaintiff complained about AP Mbuyi's discrimination to Principal Rochon.   Under these circumstances, a clear inference of race and religious based discrimination and retaliation is apparent, and the premature motion to dismiss should be denied.

3.   *Plaintiff is not obligated to respond to Defendants' purported legitimate, nondiscriminatory reasons in a motion to dismiss*

Defendants boldly contend that Plaintiff's claims must be dismissed unless he sets forth factual allegations showing that Defendants' legitimate nondiscriminatory reasons were pretextual.   At this stage in litigation, Defendants have prematurely submitted a motion to dismiss.

8

They have not submitted an Answer, and no discovery has been conducted. As such, they have not established any legitimate, non-discriminatory reasons for Plaintiff's adverse actions. Indeed, this Court has rejected similar arguments made in other cases. *See Anderson v. City of N.Y.*, 2017 U.S. Dist. LEXIS 8358, at *26 (SDNY Jan. 19, 2017, No. 1:16-cv-01051 [GBD] [KHP]) (holding that at the pleading stage, a plaintiff does not need to provide discrimination, allege facts establishing every element of a *prima facie* case, or demonstrate that Defendants' legitimate nondiscriminatory reasons were pretextual); *Hausdorf, supra; White, supra* (motions to dismiss in retaliation and discrimination charges denied).

**C.      Plaintiff Has Stated Valid Retaliation Claims under Title VII based on Making Complaints Against his Administrators based on Race and Religious Discrimination.**

For a plaintiff to state a claim for retaliation, he must allege that (1) he engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010).  To qualify as an adverse employment action for a retaliation claim, the act must be one "that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway v. White*, 543 U.S. 53 (2006).

Furthermore, the Second Circuit has found that "negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process teacher's insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to [a] classroom on [the] fifth floor which aggravated teacher's physical disabilities" may qualify as adverse employment actions for purposes of a

9

retaliation claim. *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 226 (2d Cir. 2006) (internal quotations and citations omitted).

Plaintiff's developing overall rating for the 2016-17 and the DOE's decision to bring 3020-a termination charges initiated by AP Mbuyi occurred *after* he filed his OEO discrimination complaint with the DOE. Plaintiff filed the OEO complaint against Assistant Principal Mbuyi, and in turn Assistant Principal Mbuyi retaliated by subjecting him to disciplinary conferences, causing the principal to recommend him for an unwarranted medical examination for which was found fit, and ultimately triggering an investigation against him that led to disciplinary charges against him and his permanent reassignment and displacement from the school. Plaintiff has plainly alleged that these adverse actions occurred in retaliation for his protected activity, caused by the very same administrators who he previously alleged were discriminating against him.

To the extent that Defendants argue that legitimate, nondiscriminatory reasons exist for the adverse actions, they have once again conflated the standards for a motion to dismiss and motion for summary judgment. Defendants have failed to assert any nondiscriminatory reasons as they have not answered the complaint or provided any discovery.

## POINT II

## THE AMENDED COMPLAINT HAS PLED MORE THAN ADEQUATE VALID RACE DISCRIMINATION AND RETALIATION CLAIMS UNDER 42 USC SECTION 1981

Plaintiff's Section 1981 claims also should survive Defendants' motion to dismiss for the reasons stated in the *White* case, *supra*. The challenged acts were in fact performed pursuant to municipal policy and custom, in that officials with policymaking authority took actions or made specific decisions which caused the alleged violation of Plaintiff's constitutional rights. *See*

*Giscombe v. NYCDOE*, 2013 WL 829127, at \*7 (S.D.N.Y. Feb. 28, 2013). Here, the school principal Rochon acted as a final policymaker as she favored a similarly situated black teacher. Mr. Nathan, over Plaintiff, and had final decisionmaking authority over those decisions. In addition, she herself endorsed her subordinate AP Mbuyi's racial and religious discrimination against Plaintiff, by allowing him to retaliate against Plaintiff with impunity after Plaintiff reported his discriminatory actions to her. Both she and AP Mbuyi triggered the DOE's Section 3020-a disciplinary charges which drove Plaintiff from their school in a completely retaliatory fashion against Plaintiff. Under these circumstances, their conduct clearly can be attributed to the DOE school district, and provides a more than adequate basis to proceed on 42 USC Section 1981 claims in this action. *See Williams v. Board of Education-City of Buffalo*, 2008 WL 2946003 (W.D.N.Y. 2008) (finding municipal liability when harassment was directly committed by the principal).

## POINT III

### THE AMENDED COMPLAINT HAS PLED MORE THAN ADEQUATE VALID RACE AND RELIGION DISCRIMINATION CLAIMS UNDER THE STATE AND CITY HUMAN RIGHTS LAW

As very similar standards are applied based on race and religious discrimination and retaliation claims under state and city law to Plaintiff's claims under federal law, these claims should proceed at this stage based on pendent jurisdiction as well. To the extent that Defendants claim a notice of claim is required for these claims, the Court should consider that Defendants were on notice through Plaintiff's official OEO complaint filing with the DOE as early as December 8, 2014.

11

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss the complaint in its entirety, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.  In the alternative, Plaintiff respectfully requests leave to amend the amended complaint to provide sufficient facts on which relief can be granted should the Court find additional pleading to be necessary at this early stage of the litigation.

Dated:        New York New York
              March 19, 2018

                  GLASS KRAKOWER LLP
                  100 Church Street, Suite 800
                  New York, NY 10007
                  (212) 537-6859

By:        s/ _____
                  BRYAN D. GLASS, ESQ.

12