No.  17-cv-4849 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED M. ELGALAD,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; MICHELLE ROCHON, PRINCIPAL; KABEYA MBUYI, ASSISTANT PRINCIPAL; HILAIRE LIVINGSTON, ASSIGNED PRINCIPAL,

                              Defendants.

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-109(D)*
*New York, New York  10007*

*Of Counsel:  Alana R. Mildner*
*Tel.:  (212) 356-1177*
*Matter No.:  2017-036946*

William S.J. Fraenkel,
Alana R. Mildner,
    Of Counsel.

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    POINT I ........................................................................................................................ 1

    PLAINTIFF HAS NOT STATED A CLAIM UNDER TITLE VII ........................................... 1

    POINT II ....................................................................................................................... 5

    PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1981 .................................. 5

    POINT III ...................................................................................................................... 6

    PLAINTIFF'S STATE AND CITY LAW CLAIMS AGAINST DOE ARE BARRED BY PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM ..................................................... 6

    POINT IV ...................................................................................................................... 7

    PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII, SHRL OR CHRL ................................................................................................................. 7

CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amorosi v. S. Colonie Indep. Cent. Sch. Dist.*,
 9 N.Y.3d 367 (2007) ................................................................................................................6

*Carlson v. Geneva City Sch. Dist.*,
 679 F.Supp.2d 355 (W.D.N.Y. 2010) .......................................................................................7

*Dressler v. New York City Dept. of Educ.*,
 10 Civ. 3769 (JPO), 2012 U.S. Dist. LEXIS 44249, – 54 (S.D.N.Y. Mar. 28,
 2012) .........................................................................................................................................6

*Fairbrother v. Morrison*,
 412 F.3d 39 (2d Cir. 2005) .......................................................................................................1

*Galabya v. N.Y. City Bd. of Educ.*,
 202 F.3d 636 (2d Cir. 2000) .....................................................................................................3

*Hollander v. American Cyanamid Co.*,
 895 F.2d 80 (2d Cir. 1990) .......................................................................................................7

*Joseph v. Levitt*,
 465 F.3d 87 (2d Cir. 2006) .......................................................................................................2

*Monell v. New York City Dept. of Social Services*,
 436 U.S. 658 (1978) .................................................................................................................6

*Patterson v. Cnty. of Oneida*,
 375 F.3d 206 (2d Cir. 2004) .....................................................................................................6

*Vega v. Hempstead Union Free Sch. Dist.*,
 801 F.3d 72 (2d Cir. 2015) ...................................................................................................1, 4

**Statutes**

42 U.S.C. § 1981 ........................................................................................................................1, 5, 6

Civil Rights Act of 1964 Title VII (42 U.S.C. § 2000e to 2000e-17) .........................................1, 7

New York City Human Rights Law ........................................................................................1, 6, 7

New York Education Law § 3020-a ..............................................................................................2

**PRELIMINARY STATEMENT**

Defendants, the Board of Education of the City School District of the City of New York, operating as the "New York City Department of Education" ("DOE"), Michelle Rochon, Kabeya Mbuyi, and Livingstone Hilaire (sued herein as "Hilaire Livingston"), submit this Memorandum of Law in further support of their Motion to Dismiss the Amended Complaint.

As the Amended Complaint fails to state a claim under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e to 2000e-17) ("Title VII"), 42 U.S.C. § 1981, the New York State Executive Law ("SHRL") and the New York City Human Rights Law ("CHRL"), the Amended Complaint should be dismissed.

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS NOT STATED A CLAIM UNDER TITLE VII**

**A.   Plaintiff Has Not Established that he Experienced a Materially Adverse Change in his Employment**

In order to state a claim under Title VII, Plaintiff must plausibly allege that he experienced an adverse employment action.  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  An adverse employment action is a "materially adverse change in the terms and conditions of employment."  *Fairbrother v. Morrison*, 412 F.3d 39, 56 (2d Cir. 2005). Plaintiff's Amended Complaint fails to identify any employment action that rises to the level of an adverse employment action.

Plaintiff asserts that as a result of a disciplinary hearing, he suffered lost wages in the form of a fine.  In November 2016, following a disciplinary hearing pursuant to New York

Education Law § 3020-a, Plaintiff was found guilty of interfering with an official investigation. The hearing officer imposed a $1,000 fine. *See* Amended Complaint at ¶ 42 and the Decision of Hearing Officer James A. Brown, a copy of which was annexed to Defendants' Motion to Dismiss the Amended Complaint as Ex. 1.

Plaintiff challenged his disciplinary penalty in state court. The New York State Supreme Court, New York County, found that Plaintiff's penalty of a $1,000 fine was not unreasonable and "neither shocks the conscience nor is disproportionate to the conduct." *Elgalad v. City of New York*, Index No. 655834/2016, a copy of which was annexed to Defendants' Motion to Dismiss the Amended Complaint as Ex. 2. The reasonable enforcement of preexisting disciplinary policies, without more, does not constitute an adverse employment action. *Joseph v. Levitt*, 465 F.3d 87, 91 (2d Cir. 2006). Therefore, Plaintiff's $1,000 fine was a reasonable exercise of DOE's disciplinary policies, which are established by New York State Education Law, and Plaintiff did not suffer an adverse employment action when he was fined as the result of a hearing.

Plaintiff further alleges that he lost the opportunity to "make overtime and grade Regents exams" following his reassignment to the Absent Teacher Reserve ("ATR").[1] The New York State Supreme Court found that it was not an abuse of DOE's discretion to transfer Plaintiff to the ATR. *See Elgalad v. City of New York*, Index No. 655834/2016, a copy of which was annexed to Defendants' Motion to Dismiss the Amended Complaint as Ex. 2.

---

[1] The Absent Teacher Reserve ("ATR") is a pool of teachers who are not assigned to one particular school but rather rotate among assignments at various DOE schools. Teachers may be transferred to the ATR for a variety of reasons, including, but not limited to, school closures, elimination of license-area positions, and disciplinary action. ATR Teachers retain full salary and benefits.

Plaintiff also has not established that he was eligible to receive overtime compensation; nor has he established that he previously received overtime compensation, or that his job as a physical education teacher included grading Regents exams. Further, these allegations were not raised in Plaintiff's Complaint or Amended Complaint.

In his Opposition to Defendants' Motion to Dismiss the Amended Complaint, Plaintiff alleges for the first time that he "lost extra coverages after his involuntary transfer of classes during the 2016-17 school year." *See* ECF Document No. 27 at p. 7. Yet, Plaintiff fails to define "coverages" or connect this alleged loss to any loss of benefits. These unsworn allegations in opposition papers cannot be used as a means of seeking to once again amend the complaint nor to defeat the instant motion.

Finally, Plaintiff asserts that his "Developing" rating for the 2016-17 school year[2] constitutes an adverse employment action. Plaintiff's "Developing" rating does not rise to the level of a materially adverse change in the terms and conditions of his employment. Only when a negative evaluation results in a tangible loss, such as a demotion or decrease in wages, can it constitute an adverse employment action. *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000).

In the instant matter, however, Plaintiff has not connected his "Developing" rating to any change in the conditions of his employment. *See generally* Amended Complaint. Plaintiff's Opposition, for the first time, attempts to connect the "Developing" rating to the preferment of disciplinary charges and Plaintiff's subsequent transfer to the ATR. *See* ECF Document No. 27 at p. 7. The alleged connection is fallacious. Plaintiff's charges and subsequent penalty were related to Plaintiff's interference in an ongoing investigation into

---

[2] Plaintiff's Amended Complaint alleges that the "Developing" rating was given in the 2015-16 school year. *See* Amended Complaint at ¶ 44.

3

Plaintiff's conduct. Those charges and resulting penalty had no relationship to his "Developing" end-of-year rating. *See generally* Decision of Hearing Officer James A. Brown, a copy of which was annexed to Defendants' Motion to Dismiss the Amended Complaint as Ex. 1.

Plaintiff cannot plausibly connect the "Developing" rating to any material changes in the terms and conditions of his employment. Therefore, Plaintiff has failed to establish that his "Developing" rating constitutes an adverse employment action.[3]

### B. Plaintiff Has Not Connected Any of his Alleged Adverse Employment Actions to Any Discriminatory Animus

In order to survive a motion to dismiss, a plaintiff must plausibly allege that he suffered an adverse employment action motivated by a protected characteristic. *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). As stated above, Plaintiff has not sufficiently pled that he experienced an adverse employment action. However, even if this Court were to construe any of Plaintiff's allegations as pleading an adverse employment action, Plaintiff fails to plausibly establish a causal nexus between any alleged adverse employment action and any discriminatory animus. *See generally* Amended Complaint. Moreover, there is an absence of temporal proximity. The comments allegedly made by Defendant Mbuyi regarding Plaintiff's race and religion purportedly occurred in 2014. Plaintiff fails to make any causal connection between an alleged stray remark from 2014 and Plaintiff's 2016 disciplinary hearing, nor does he connect this alleged remark to his 2015-2016 end-of-year rating.

Plaintiff asserts that another physical education teacher, Steve Nathan, who is Black and non-Muslim, was treated more favorably than Plaintiff. However, Plaintiff's

---

[3] Plaintiff asserts that his "Developing" rating constitutes an adverse employment action under the ADEA. Defendants interpret this reference to the ADEA as a typographical error, as Plaintiff's Complaint and Amended Complaint do not assert claims under the ADEA.

Amended Complaint does not plausibly allege that Mr. Nathan received *better* treatment than Plaintiff or that the two were similarly situated. For example, Plaintiff asserts that Mr. Nathan was given Plaintiff's schedule. Plaintiff's Amended Complaint does not clarify whether the two teachers were given the same schedule or if the teachers' schedules were switched. The fact that a less senior teacher received the same schedule as a more experienced teacher cannot be considered a plausible allegation that the two teachers were similarly situated or that the other teacher was treated better. Plaintiff's Opposition to Defendants' Motion asserts, for the first time, that Mr. Nathan was given Plaintiff's "preferred schedule". Plaintiff's Opposition to Defendants' Motion asserts, also for the first time, and also in the form of unsworn statements from his attorney, that although Plaintiff was disciplined for a single lateness, Mr. Nathan was not disciplined for leaving his class unsupervised. As stated above, Plaintiff Opposition to a motion to dismiss cannot be a vehicle for yet another effort to amend the complaint. Plaintiff further asserts that Mr. Nathan was given a higher performance rating than Plaintiff, "despite being less qualified than Plaintiff. ECF Document No. 27, at p. 8. However, Plaintiff's Amended Complaint fails to establish that Plaintiff and Mr. Nathan were so similarly situated that they should have received identical end-of-year ratings, and Plaintiff does not allege that teachers' end-of-year ratings should be based on teachers' qualifications.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1981

To state a claim against a municipality, such as the DOE, under 42 U.S.C. § 1981, a plaintiff must allege that there was: (1) an official policy, custom or practice; (2) the policy, custom or practice "caused," or was the "moving force," behind the plaintiff's alleged injuries; and (3) the injuries amounted to a violation of plaintiff's constitutional rights. *Monell v. New*

5

*York City Dept. of Social Services*, 436 U.S. 658, 691-94 (1978), 42 U.S.C. § 1981, *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (plaintiff must show that, "the challenged acts were performed pursuant to a municipal policy or custom").

Plaintiff's Opposition to Defendants' Motion to Dismiss asserts that Defendant Rochon "acted as a final policymaker" when she "favored" Mr. Nathan. Allegations of personal favoritism do not suggest, let alone rise to the level of, a municipal policy or custom. A principal, for the purposes of 42 U.S.C. § 1981, is not a final policymaker when her decisions can be appealed or are subject to the chancellor's review. *See Dressler v. New York City Dept. of Educ.*, 10 Civ. 3769 (JPO), 2012 U.S. Dist. LEXIS 44249, at *48 – 54 (S.D.N.Y. Mar. 28, 2012). Plaintiff fails to point to any decision for which Defendant Rochon was the final policymaker. Even if Principal Rochon played a role in the preferring of disciplinary charges, it is the state legislature and hearing officers, not individual principals, who determine what conduct is punishable under New York State Education Law. Therefore, Principal Rochon did not constitute a policymaker for the purposes of 42 U.S.C. § 1981 and Plaintiff has failed to state a claim for relief.

## POINT III

### PLAINTIFF'S STATE AND CITY LAW CLAIMS AGAINST DOE ARE BARRED BY PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM

As stated in Defendants' Motion to Dismiss, Plaintiff's failure to file a Notice of Claim precludes his state law claims against DOE. In order to bring SHRL and CHRL claims against a school district in New York State, a plaintiff must file a Notice of Claim. *Amorosi v. S. Colonie Indep. Cent. Sch. Dist.*, 9 N.Y.3d 367, 373 (2007). Plaintiff did not file a Notice of Claim in the instant matter. Plaintiff attempts to justify his failure to file a Notice of Claim by

stating that he filed an OEO complaint with DOE as early as December 8, 2014. However, Plaintiff's alleged adverse employment actions occurred *after* December 8, 2014. Therefore, Plaintiff did not adequately put DOE on notice of his claims. *See Carlson v. Geneva City Sch. Dist.*, 679 F.Supp.2d 355, 369 (W.D.N.Y. 2010) (finding that internal complaint did not put school district on notice of plaintiff's tort claims when it was filed before the alleged actions occurred).

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII, SHRL OR CHRL

Plaintiff contends in his Opposition that he has stated a claim for retaliation by alleging that he received a "Developing" rating and was brought up on charges *after* he filed a complaint of discrimination with DOE's Office of Equal Opportunity ("OEO"). However, Plaintiff's OEO complaint occurred well before his "Developing" rating and the preferment of disciplinary charges. Plaintiff claims that he complained to OEO in 2014, and received a "Developing" rating for the 2015-2016 school year and received Section 3020-a charges in June 2016. Amended Complaint at ¶¶ 22, 38, 44. These events occurred two years after Plaintiff's OEO complaint and lack sufficient temporally proximity to Plaintiff's OEO complaint to create any causal inference. *See Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (timespan of three months insufficient to demonstrate retaliation). *See also Burkybile*, 411 F.3d 306, 314 (2d Cir. 2015) (finding that plaintiff could not make a *prima facie* case of retaliation as more than one year had elapsed between plaintiff's accusations against another employee and plaintiff's disciplinary proceeding).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated:	New York, New York
	April 2, 2018

                                  **ZACHARY W. CARTER**
                                  Corporation Counsel of the
                                      City of New York
                                  Attorney for Defendants
                                  100 Church Street, Room 2-109(d)
                                  New York, New York 10007
                                  (212) 356-1177
                                  amildner@law.nyc.gov

                    By:       /s/
                                  Alana R. Mildner
                                  Assistant Corporation Counsel

William S.J. Fraenkel,
Alana R. Mildner,
   Of Counsel.