## GLASS & HOGROGIAN LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
85 BROAD STREET, SUITE 800
NEW YORK, NY 10004
212-537-6859
FAX NO. 845-510-2219

*Bryan D. Glass*                                    E-mail: bglass@ghnylaw.com
Partner

October 19, 2018

*Via ECF*
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Ahmed Elgalad v. NYCDOE et al.,*
17 CV 4849 (VSB)
Response to Defendants' Reconsideration Motion Request

Dear Judge Broderick:

I am attorney for Plaintiff Ahmed Elgalad in the above-referenced action.  I write in opposition to Defendants' motion for reconsideration of this Court's Decision, dated September 24, 2018, in the above-referenced action, and cross-move to reinstate claims dismissed in the Court's Decision in this action.

As an initial matter, it appears to be highly unusual for Defendants to seek a second bite at the apple and move for reconsideration after a denial of a motion to dismiss in its October 5, 2018 motion papers.  They do not appear to rely on any significant new authority in their reconsideration motion, and simply seek to reargue legal points that have already been decided by the Court.

Should the Court in fact decide to consider Defendants' reconsideration motion on the merits, Plaintiff would respectfully request that the Court deny Defendants' reconsideration motion, *and also reinstate the Title VII discrimination and retaliation claims dismissed against Defendant NYCDOE in this matter in the Court's September 24, 2018 decision.*    At the early pleading stage, this Court should "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  As the Court noted in its decision at p. 6, the complaint need not make "detailed factual allegations" but simply may not rely merely on "labels and conclusions."   Plaintiff  clearly has alleged more than "labels and conclusions" regarding his

1

Title VII discrimination and retaliation claims in his amended complaint.  He has pointed out the disparate treatment he was subjected to in comparison with his fellow physical education teacher Steve Nathan at the school, who in fact was similarly situated to him in many respects.   For example, Mr. Nathan, who is black, did in fact engage in similar alleged misconduct regarding latenesses, for which he was not disciplined.   Plaintiff furthermore is unclear as to how an allegation that Mr. Nathan was given Plaintiff's schedule is "vague".   Decision at p. 11.  These facts can be fleshed out further in discovery, but it appears premature to dismiss the Title VII claim against the NYCDOE at this early stage of the litigation.  *See Hausdorf v. NYCDOE,* 17 CV 2115 (PAE)(SN) (S.D.N.Y. 1/25/18)*; White v. Roosevelt Union Free School District*, 15 CV 1035 (JS)(SIL) (E.D.N.Y. 12/20/17).   At the very least, Plaintiff should be an opportunity for leave to replead the specifics of his allegations regarding the questions raised on p.12 of the Court's Decision, and further clarify how Mr. Nathan was similarly situated to him during the relevant time period.

In addition, the Decision does not appear to address Plaintiff's timely Title VII retaliation claim that the Section 3020-a disciplinary charges commenced against Plaintiff were in retaliation for his filing OEO complaints against his school administration, specifically AP Mbuyi.   The Section 3020-a charges were served against Plaintiff in June 2016 after Plaintiff filed a protected OEO complaint against his school administrators.  Defendant Mbuyi, who was supposed to be separated from dealings with Plaintiff after the filing of the OEO complaint against him, was allowed by Principal Rochon to interact with and set up disciplinary allegations against Plaintiff in the spring of 2016, which was the very genesis of the Section 3020-a disciplinary charges against Plaintiff in June 2016.  Plaintiff should be allowed an opportunity to pursue this retaliation claim against the NYCDOE in discovery and possible trial.

As the Second Circuit has noted, district courts should exercise great care to avoid hastily dismissing complaints of civil rights violations. *Gregory*, 243 F.3d at 691 (internal citations omitted).  For these reasons and those set forth above, Defendants' motion for reconsideration should be denied, and Plaintiff's Title VII discrimination and retaliation claims against the NYCDOE should be reinstated.

If the Court would prefer a more formal briefing on Plaintiff's cross-motion reconsideration argument, or the filing of a Second Amended Complaint before adjudicating further motions, Plaintiff will promptly oblige.   Thank you very much for the Court's consideration.

Respectfully submitted,

By:   _s/_____
        Bryan D. Glass, Esq.

c:  Alana Mildner, Esq., Assistant Corporation Counsel, Attorney for Defendants *(via ECF)*