

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALANA R. MILDNER**
Labor and Employment Law Division
phone: (212) 356-1177
fax: (212) 356-2439
email: amildner@law.nyc.gov

October 25, 2018

**Via ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

    Re: <u>Elgalad v. New York City Department of Education et al.</u>
      Civil Action No.: 17-Civ.-4849
      Law Dept. No.: 2017-036946

Dear Judge Broderick:

  I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendants the Board of Education of the City School District of the City of New York, operating as New York City Department of Education ("DOE"), Michelle Rochon, Kabeya Mbuyi, and Livingston Hilaire (collectively, "Defendants") in the above-referenced action. I write in reply to Plaintiff's opposition to Defendants' Motion for Reconsideration of the Court's Decision dated September 24, 2018 and in opposition to Plaintiff's apparent request to cross-move for reconsideration of that decision.

  Plaintiff's letter in opposition fails to address the merits of Defendants' motion. Plaintiff's opposition in no manner addresses Defendants' arguments that the Court overlooked case law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Defendants respectfully refer the Court to their motion dated October 5, 2018 for a complete statement of the reasons why the Court should reconsider sections IV(D)(2) and IV(F) of its September 24, 2018 decision.

  To the extent Plaintiff's opposition seeks to cross-move for reconsideration of the Court's September 24, 2018 decision, any such motion should be dismissed as untimely. Under Local Rule 6.3 of the Southern District of New York, notice of motion for reconsideration shall be served within fourteen (14) days of the Court's decision. Therefore, Plaintiff should have served notice of motion for reconsideration within fourteen days of the Court's September 24,

2018 decision, i.e. by October 9, 2018.[1]  Plaintiff did not make a request for reconsideration until ten days after the deadline had passed, and such request was only made via a letter opposing Defendants' motion.  Accordingly, Plaintiff's request should be dismissed as untimely and Defendants' motion for reconsideration granted.

       I thank the Court for its attention to this matter.

Respectfully submitted,<br>
/s/<br>
Alana R. Mildner<br>
Assistant Corporation Counsel

CC:   (via ECF)
     Bryan D. Glass
     Glass & Hogrogian LLP
     Attorney for Plaintiff
     85 Broad Street, Suite 800
     New York, NY 10004
     bglass@ghnylaw.com

---

[1] Fourteen days after September 24, 2018 was October 8, 2018.  As October 8, 2018 was a Federal holiday, the deadline for Plaintiff to serve a notice of motion for reconsideration was the following day, October 9, 2018.