UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED ELGALAD,

                              Plaintiff,

              -against-


NEW YORK CITY DEPARTMENT OF EDUCATION;
MICHELLE ROCHON, PRINCIPAL; KABEYA MBUYI,
ASSISTANT PRINCIPAL; HILAIRE LIVINGSTON,
ASSIGNED PRINCIPAL,

                              Defendants

**DECLARATION OF
BRYAN D. GLASS IN
SUPPORT OF
PLAINTIFF'S COUNSEL
MOTION TO
WITHDRAW AS
COUNSEL UNDER SEAL**

**17 CV 4849 (VSB)**


**BRYAN D. GLASS**, **ESQ.,** pursuant to 28 U.S.C. Section 1746, declares under penalty of perjury that the following is true and correct:

1.   I am a member of the firm Glass Harlow & Hogrogian LLP ("Law Firm"), counsel for the Plaintiff Ahmed Elgalad in this federal employment discrimination action.  I am fully familiar with the facts stated herein and make this declaration in support of our firm's motion to withdraw as counsel for Plaintiff Ahmed Elgalad  ("Plaintiff").

2. The Law Firm was retained to represent Plaintiff in this federal action.  Plaintiff signed a retainer agreement with the Law Firm to bring a federal complaint in this matter.

3. Significant differences have arisen between Plaintiff and the Law Firm as to the appropriate approach to our representation of him going forward in this case, and an irrevocable breach has developed.

1

4. On September 10, 2020, the Law Firm conducted a telephone conference with Plaintiff to schedule his deposition. Plaintiff objected to scheduling his depositions due to his disagreement with the Law Firm regarding the sufficiency of discovery documents produced by Defendants.

5. On September 12, 2020, Glass Harlow & Hogrogian LLP conducted a telephone conference with Plaintiff to advise him that his deposition needed to be scheduled regardless of his opinion on the deficiency of documents that were not produced by Defendants. Plaintiff again advised this firm that he would not appear for his deposition without the production of certain documents from Defendants that the Law Firm advised would not exist or otherwise be obtainable from Defendants in its experience .

6. On September 19, 2020, Glass Harlow & Hogrogian LLP sent an email to Plaintiff advising him his deposition needed to be scheduled in order for this action to proceed.  Plaintiff was advised orally and in writing that without the deposition being scheduled, this firm would seek to withdraw as counsel.

7. Plaintiff also advised the Law Firm that he would not do a deposition by zoom, but only in person.

8. The Law Firm has given multiple prior warnings to Plaintiff that the Law Firm would have to withdraw unless he consented to appear for his deposition, especially with pending discovery deadlines.

9. An irrevocable breach has developed and cannot be restored.  Plaintiff's wish not to appear via zoom for his deposition  makes it impossible to litigate this matter.

10. Plaintiff has consented to the firm of Glass Harlow & Hogrogian LLP withdrawing from this action, and proceeding on his own or with another counsel.

2

11. On October 16, 2020 Plaintiff filed a letter with this Court (ECF Doc. 56) advising the Court that the parties have agreed to part ways due to irreconcilable differences.

12. No prejudice to either party in this action should result from the withdrawal of this Law Firm from this matter. The matter is in the middle stages of discovery and no depositions have been conducted and no dispositive motions have been made.

13. New York Rules of Professional Conduct provides that " a lawyer may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client; or if (4) the client insists upon taking action with which the lawyer has a has a fundamental disagreement; or if (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment." The foregoing provisions all are applicable to the instant circumstances, and makes continuing representation of Plaintiff impossible.

**WHEREFORE** Glass Harlow & Hogrogian LLP respectfully request that the Court issue an order granting it leave to withdraw as counsel of record for the Plaintiff Ahmed Elgalad, and for such other and further relief as this court deems just and equitable.

Dated: New York, New York,
        December 16, 2020

                            s/ Bryan Glass
                          Bryan D. Glass, Esq.