

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**ALANA R. MILDNER**
Labor and Employment Law Division
Phone: (212) 356-1177
Fax: (212) 356-2439
Email: amildner@law.nyc.gov

April 15, 2021

**BY ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> **APPLICATION DENIED**
> **SO ORDERED**
> **VERNON S. BRODERICK**
> **U.S.D.J.** 4/20/2021
>
> The parties are directed to meet and confer and submit a proposed briefing schedule for Defendants' anticipated motion by April 23, 2021. The pre-motion conference previously scheduled for April 29, 2021 was scheduled in error. The Clerk of Court is respectfully directed to mail a copy of this endorsement to pro se Plaintiff.

    Re: Elgalad v. New York City Dept. of Educ. et al.
         Civil Action No. 17-CV-4849
         Law Dep't No. 2017-036946

Dear Judge Broderick:

    I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants the Board of Education of the City School District of the City of New York, operating as New York City Department of Education ("DOE"), Michelle Rochon[1], Kabeya Mbuyi, and Livingstone Hilaire[2] (collectively, "Defendants") in the above-referenced action. Pursuant to Your Honor's individual rules, Defendants write to respectfully request a pre-motion conference to seek leave to move for summary judgment on all of Plaintiff's remaining claims. Defendants also ask that the date to file a joint pre-trial order be stayed until a decision has been rendered on Defendants' motion.

**A.    Procedural History**

    Plaintiff, a DOE physical education teacher, brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, et seq.; 42 U.S.C. §§ 1981 and 1983; New York State Human Rights Law ("SHRL"), N.Y. Exec. Law §§ 290 – 297; and New York City Human Rights Law ("CHRL"), N.Y. City Admin. Code §§ 8-101 – 8-131, alleging discrimination on the basis of his religion (Muslim), race / color (white), and retaliation.

---

[1] Michelle Rochon is now known as Dr. Michelle Penn.
[2] In the Amended Complaint, Defendant's name is misspelled as "Hilaire Livingston". Defendant Hilaire passed away in May 2020. Defendants filed a Notice of Suggestion of Death, and Plaintiff has not substituted a party for Defendant Hilaire.

On September 24, 2018, this Court granted in part and denied in part Defendants' Motion to Dismiss the Amended Complaint. As a result, the claims remaining in this matter are: race discrimination under 42 U.S.C. § 1981 against Mbuyi; discrimination claims under SHRL and CHRL against Rochon, Mbuyi, and Hilaire; retaliation claims under 42 U.S.C. § 1981, SHRL, and CHRL against Rochon, Mbuyi, and Hilaire; and municipal liability under 42 U.S.C. § 1983 against DOE.

**B.     Basis for Defendants' Proposed Motion**

Plaintiff's claims under 42 U.S.C. § 1981 must fail, as Mbuyi is a state actor. *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018).

Plaintiff cannot point to any evidence supporting his discrimination or retaliation claims under SHRL, CHRL, or 42 U.S.C. § 1983. SHRL claims are analyzed under the same burden-shifting framework as Title VII claims. *Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997). Plaintiff bears the burden of proving a *prima facie* case, i.e. that he is a member of a protected class, he suffered an adverse employment action, and that the adverse action occurred under circumstances that give rise to an inference of discrimination or retaliation. *See Quarantino v. Tiffany*, 71 F.3d 58, 64 (2d Cir. 1995). Here, Plaintiff fails to state a *prima facie* case of discrimination. Although Plaintiff is a member of protected classes (i.e. Muslim and white), he did not experience any action that materially affected the terms and conditions of his employment. Plaintiff asserts that in October 2014, DOE stopped paying him for "class coverages" (e.g. covering for absent teachers during his lunch and/or preparatory periods). Documents exchanged in discovery, however, reveal that Plaintiff requested that he no longer be given such assignments and Rochon honored his request.

Even under the CHRL's less stringent standard, Plaintiff cannot demonstrate that he was treated disparately on the basis of a protected characteristic. In March 2014, Plaintiff was working at DOE's High School for Global Citizenship ("HSGC"). At that time, during a faculty development session, he had a verbal argument with another teacher, Ms. Chance. As Plaintiff admits, during that argument, he told Chance: "Because your head is full of disgusting human, you cannot see the clear human." Chance wrote a contemporaneous statement to HSGC administrators, stating that during the argument, Plaintiff called Chance "not clean." Chance felt this remark was made because she is a Black, non-Muslim woman.

A few days later, Plaintiff met with HSGC's Assistant Principal Dr. Mbuyi and Plaintiff's union representative to discuss another matter. At that meeting, Mbuyi explained to Plaintiff why Chance was offended. Mbuyi warned Plaintiff to avoid using such language in the future, as it could easily be misinterpreted. Plaintiff alleges that during this meeting, Mbuyi stated, "your religion considers everyone unclean and you are the only one that is clean" and "if it's not about religion, it will be black and white." Plaintiff admits that Mbuyi never made any other comment about his race or religion and that no discipline resulted. Plaintiff reported Mbuyi's alleged comments to DOE's Office of Equal Opportunity ("OEO") on December 8, 2014.

Plaintiff cannot demonstrate that any of Defendants' subsequent actions constituted unlawful discrimination or retaliation. Plaintiff was summoned to several

2

disciplinary conferences between 2014 and 2016. Though Plaintiff disagrees with the severity of his conduct, he does not dispute the underlying events. Thus, Plaintiff's claim that Defendants subjected him to "false disciplinary conferences" is a gross misrepresentation. For example, Plaintiff was summoned to a conference in October 2014, *prior* to any complaint of discrimination, to address a situation involving a student who experienced trouble breathing in Plaintiff's physical education class. Although Plaintiff asserted that he handled the situation in accordance with school policies, he does not deny that a student in his class was ill.

Plaintiff was also summoned to a disciplinary conference in November 2014. This was after college students volunteering in the HSGC library reported that Plaintiff spoke to them in a rude manner. That school administrators ultimately found the incident to be a misunderstanding does not negate the validity of the need for a conference to discuss the volunteers' complaints. Plaintiff was summoned to disciplinary conferences in the spring of 2016 regarding two instances in which he was tardy and failed to notify the school of his late arrival. Plaintiff does not dispute the underlying conduct. Rather, Plaintiff attempts to justify his actions by noting that he was stuck on the subway without cell phone service. Thus, Plaintiff cannot establish that such disciplinary conferences were the result of discriminatory or retaliatory animus.

Nor can Plaintiff establish that his end-of-year evaluations were tainted by discriminatory or retaliatory animus. On October 16, 2015, Defendant Hilaire, who was Muslim, observed Plaintiff's physical education class. Hilaire's contemporaneous evaluator form describes a chaotic environment, in which Plaintiff's students were playing on the bleachers while Plaintiff summoned students individually for height and weight measurements. Plaintiff contends that he was administering the required "FitnessGram" assessment during this period and should not have been evaluated. As Hilaire noted, however, Plaintiff's teaching was ineffective because he did not provide other activities for students to do while their peers had their height and weight measured and Plaintiff did not correct students' misbehaviors on the bleachers.

In June 2016, Plaintiff was served with specifications pursuant to N.Y. Educ. Law § 3020-a. An evidentiary hearing was held before a neutral hearing officer. Plaintiff was represented by counsel and had the opportunity to present evidence, call witnesses, and cross-examine DOE's witnesses. Ultimately, Plaintiff received a $1,000 fine and was reassigned from HSGC to DOE's Absent Teacher Reserve. In reaching this penalty, the hearing officer found that Plaintiff inappropriately questioned a student about an ongoing verbal abuse investigation. Thus, Plaintiff cannot demonstrate that such charges were the result of discriminatory or retaliatory animus.

Accordingly, Defendants respectfully request that the Court hold a pre-motion conference with respect to Defendants' anticipated motion for summary judgment.

Respectfully Submitted,
/s/
Alana R. Mildner
Assistant Corporation Counsel

**CC:** **By First-Class Mail**
Ahmed M. Elgalad
Plaintiff *Pro Se*
530 Hughes Street
Northvale, New Jersey 07647